JOSEPHINE M. BURTIS, Respondent, *v.* RICHARD L. THOMPSON, Appellant.

The parties having entered into an engagement to marry " in the fall," the defendant announced to the plaintiff, in October, that he would not perform the contract.—*Held*, that an action commenced immediately was not prematurely brought.

An action for the breach of promise will lie at once, upon a positive refusal to perform a contract of marriage, although the time specified for the performance has not arrived. (GROVER, J.)

(Argued January 15th, 1870; decided March 25th, 1870.)

THIS is an appeal by the defendant from a judgment entered upon the decision of the General Term of the Supreme Court, in the second judicial district, affirming a judgment entered upon a verdict, in favor of the plaintiff, for the sum of $2,000.

The facts sufficiently appear in the opinion of INGALLS, J.

*R. W. Van Pelt*, for the appellant, insisted that the defendant had until and including the last day of November within which to fulfill on his part, and his notice of refusal before the expiration of that time did not alter the terms of the contract. *Non constat*, but he might reconsider his refusal and perform, or tender performance within the time. He was not bound to perform at the time suit commenced. He cited *North's Adm.* v. *Pepper* (21 Wend., 637).

*J. W. Tompkins*, for the respondent, maintained that the refusal terminated the contract and plaintiff could sue immediately, and cited 1 John. Cas., 116; *Willard* v. *Stone* (6 Cow., 254); 1 Pars. on Cont., 551; 2 id., 179, and note 7; 20 Eng. L. & Eq., 157; 2 E. D. Smith, 86; 6 McLean, 500.

INGALLS, J. This action was commenced by the plaintiff to recover damages for the breach of a promise of marriage, and she recovered a verdict of $2,000, upon which judgment was rendered, and the same was affirmed by the General Term. The promise was clearly proved, and the defendant, in the early part of October, 1862, expressly refused to marry the plaintiff at any time, and this action was commenced on the 25th October, 1862. The defendant's counsel requested the court to charge the jury, "that the action was prematurely commenced, inasmuch as the defendants' promise was to marry in the fall of 1862, and that season had not elapsed, when this suit was commenced." The court refused so to charge, and the defendant's counsel excepted. The court did charge as follows: "That the absolute refusal of the defendant to marry the plaintiff gave her the right to sue at once." To which the defendant's counsel excepted. The evidence leaves the time very uncertain, when by the contract, the marriage was to occur. The plaintiff states as follows: "No day was fixed for the marriage, but there was a time agreed upon; it was to have taken place in the fall in which he left (of 1862). It was to have been during that fall; I don't recollect that the month was named. I got

every thing that was necessary; I did not get dresses to carry out the engagement; I procured some dresses for the express purpose of carrying out the engagement; I told him I was preparing."

The defendant testifies in regard to it as follows: "I fixed no particular time to marry; no particular day or month; I might have said in the fall of 1862, I don't remember." It was in *the fall* of 1862 that the defendant refused to marry the plaintiff, and thereupon this action was commenced. Under the facts of this case, I do not think the court was called upon to hold that, after the unqualified refusal of the defendant in the fall of 1862, to marry the plaintiff, she was compelled to wait until winter before she commenced the action. The season of the year had arrived, when according to the most favorable view of the evidence for the defendant, he had agreed to perform his contract, and had absolutely refused. We do not think the defendant was entitled to defeat the plaintiff's action, and impose upon her the payment of a bill of costs, upon the ground that he had some thirty-six days, at the time the action was commenced, within which to repent, and retract his refusal. Especially so, when at no time, did he evince a disposition to do so. I do not think the facts of this case require us to express an opinion, whether, when by a contract of marriage, a particular time is clearly fixed for its performance, and a party to it absolutely refuses to perform the contract, the other party is compelled to wait until the expiration of such time before commencing an action.

The judgment should be affirmed with costs.

GROVER, J. The exception taken by the defendant's counsel to that part of the charge instructing the jury, that the absolute refusal of the defendant to marry the plaintiff gave her the right to sue at once, raises the question whether such refusal will sustain an action commenced thereafter, but before the time agreed upon for the celebration of the marriage. It s a general rule that an action commenced upon a contract

before a breach thereof by the defendant is premature and cannot be maintained. Indeed this rule may be regarded as universal, as the idea of maintaining an action for the recovery of damages upon a contract against a party who had not been guilty of a breach would be absurd. The inquiry is, therefore, whether one, who has contracted to marry another at a future day, makes himself responsible for a breach thereof, by notifying the other party that he has determined to put an end to the contract, and that in no event will he ever perform it, before the arrival of the time for performance. This must be held a breach or otherwise as having no effect upon the contract, because if not a breach, the contract will remain in force mutually obligatory upon the parties. Can it for a moment be contended that the plaintiff continued bound by the contract after the receipt by her of this notice from the defendant; and that if thereafter, and before the day fixed for the marriage, she had intermarried with another, the defendant could have maintained an action against her ? If not, upon what principle is her defence based ? Manifestly upon the ground that she was discharged by the prior breach of the defendant. In *Short* v. *Stone* (8 Q. B., 358), it was held, that a man who had promised to marry a woman on a future day, and before that day arrives, marries another woman, is instantly liable to an action for breach of promise of marriage. Upon what principle was this determination based ? Clearly that by the marriage of the defendant, he had incapacitated himself to perform his contract with the plaintiff and thereby rendered it certain that such contract never would be performed, or that the marriage with another was such a violation of the obligation to the plaintiff imposed by the contract upon the defendant as, of itself, to constitute a breach relieving her from the obligation to perform, should the defendant's capacity be restored by the death of his wife, before the arrival of the day. In what respect does the present case differ in principle ? Here, the defendant renounced the contract and declared that he never would perform it. Does it now lie in his mouth to say that this did not render it certain that he never would perform his

HAND—VOL. III.  32

contract, or that this was not such a violation of his obliga-
tion to the plaintiff incurred by the contract as to exonerate
her from its obligation? Any conduct by a party who had
promised to marry another, that will render the contract no
longer obligatory upon that other, is a violation of the duty
and obligation created by the contract, and may therefore be
treated by the injured party as constituting a breach. Clearly,
notifying the other party of a settled determination not to
perform the contract is such an act. Annoying and distressing
the feelings of the plaintiff in this way, whether the defend-
ant was in earnest or not, fully justified the plaintiff in treat-
ing the contract as broken by the defendant. The plaintiff's
counsel insists that, if this is the law to be applied in the pre-
sent case, it will follow that the maker of a note due at a
future day will make himself liable to an action instantly by
declaring to the holder that he will never pay it. This con-
clusion does not at all follow. In the case of such a note the
holder is in no respect damnified until payment is withheld
after it is due. Until this happens, no legal right of his has
been violated by the maker. He has sustained no injury
from the declaration of the maker; not so in the present case.
The defendant in a legal sense had rendered it certain that
the plaintiff had lost absolutely all benefit to be derived by
her from the contract. He had wrongfully caused her all the
distress of wounded feelings that a breach by him at the day
would inflict, which is an essential consideration in estimating
her damages. In *Hochster* v. *De Lataur* (20 Eng. L. & Eq.),
it was held that a party who had contracted with another
to enter his service as a carrier on the 1st day of June there-
after, became liable to an action before that day by giving
notice of his refusal to employ him according to the contract.
While not fully prepared to concur in the judgment in this
case without further consideration; yet the reasoning of the
learned judge, when applied to the facts in the present case,
clearly shows the correctness of the charge upon the point
under consideration.

The judgement of the Supreme Court must be affirmed with costs.

All concur for affirmance, except LOTT, J., who did not vote.

Judgment affirmed.