## MOLLIE LAHEY, RESPONDENT, *v.* JOSEPH KNOTT, APPELLANT.

COMPLAINT—CAUSE OF ACTION—DAMAGES FOR BREACH OF MARRIAGE CONTRACT.—Where it is averred in the complaint that the respondent, at the request of the appellant, promised to marry him at such time as she should come from Washington city to Portland, Oregon, at his request, and that she did so come about the fifteenth day of April, 1878, and on that day the appellant again promised to marry her about the twentieth of May, 1878, but instead thereof, on the third day of June, 1878, married a Mrs. Harvey, although he had notice all of said time that respondent was ready and willing to comply with her said agreement: *Held*, that the complaint alleged facts sufficient to constitute a cause of action.

INSTRUCTIONS MUST APPEAR TO HAVE BEEN PERTINENT.—The refusal of the circuit court to allow certain questions propounded to a witness to be answered will not be held error, unless it can be ascertained from the bill of exceptions, and other portions of the record, that they were pertinent and relevant.

MARRIAGE CONTRACT—REQUEST TO MARRY.—If appellant agreed with and offered to marry respondent in Washington, and afterwards, by mutual consent, it was arranged between them that she come to Oregon, at which place the marriage should be consummated, and with that understanding respondent did come to Oregon, and was then ready and willing to marry him, married a third person, then the respondent was entitled to recover without first showing any request to offer to marry appellant.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Dolph, Bronaugh, Dolph & Simon,* for appellant.

*Caples & Mulkey and O. P. Mason,* for respondent.

By the Court, PRIM, J.:

This is an action to recover damages for an alleged breach of promise of marriage.

For cause of action it is alleged: "That on or about the first day of December, 1877, in consideration that the plaintiff, who was then sole and unmarried, at the request of the defendant, had then promised the said defendant to marry him; the said defendant, at said Washington city, promised to marry the said plaintiff at such time as she, the plaintiff, at defendant's request, should come from Washington city to the city of Portland, in Oregon. That in pursuance of such agreement to marry, the said plaintiff did, on or about the fifteenth of April, 1878, at the request of the defendant, come from said Washington city to Portland, Oregon, and that said defendant, at said last-named city, on or about the day last named, again promised and agreed to marry said plaintiff, on the twentieth day of May, 1878; and plaintiff avers that she, confiding in the promises of the said defendant, hath always from thence hitherto remained, and still is sole and unmarried, and has been for and during all the time aforesaid, to wit, since the fifteenth day of April, 1878, until the marriage of the defendant hereinafter named, ready and willing to marry the said defendant, whereof the said defendant has always had notice; yet that the said defendant, not regarding his said promise, did, after the making of said promise, on or about the third day of June, 1878, wrongfully marry one Mrs. Harvey (whose name is not more fully known to plaintiff), contrary to his said promise, whereby the plaintiff, as she avers, has sustained and is damaged in the sum of twenty-five thousand dollars."

Each material allegation of the complaint is denied in the answer, except the intermarriage of the appellant with Mrs. Harvey. A verdict and judgment was obtained against the appellant in the sum of two thousand dollars, from which an appeal has been taken to this court.

The first ground of error relied upon is that the complaint does not state facts sufficient to constitute a cause of action. It will be seen that it is averred in the complaint

that the respondent, at the request of the appellant, promised to marry him at such time as she should come from Washington city to Portland, Oregon; that she did come to Oregon, at the request of appellant, about the fifteenth day of April, 1878, and that on that day the appellant again promised to marry the respondent about the twentieth of May, 1878, but instead thereof, intermarried with Mrs. Harvey about the third day of June, 1878. That respondent was willing and ready all of said times to comply with her said agreement, of which the said appellant had notice. The complaint in our opinion does contain facts sufficient to constitute a cause of action, and this ground of error should be overruled.

The next ground of error relied upon is that the court erred in refusing to permit a witness for the appellant to answer certain questions propounded to him by the appellant. It appears from the bill of exceptions that the respondent was introduced as a witness on her own behalf, and swore that during the winter of 1877–78, at Washington city, she and appellant entered into a contract of marriage; that the appellant desired to consummate the marriage then and there, but that she declined on the ground of undue haste, and other grounds there specified; that the appellant then returned to Oregon upon the understanding that the respondent should soon thereafter be furnished with money by the appellant to defray her expenses to Oregon, and that upon her arrival here such marriage should be consummated.

After the evidence of the respondent was closed, Hon. Richard Williams, member of congress for Oregon, was called as a witness by the appellant, and testified: "That during last winter, and while the appellant was in Washington city, the respondent, in company with one Charles Newell, had an interview with him (the witness), in which she stated that she was very poor and out of employment, and could get nothing to do there to earn a support, and wished to come to Oregon to seek employment, and was desirous of having the appellant aid her by furnishing her the money to defray the expenses of the trip to Oregon, and

requested the witness to see appellant and use his influence with him to induce him to assist her by furnishing her with money to come to Oregon; that witness did have an interview with appellant as requested, and told him what the respondent had requested of him, as stated above." Witness also testified that after the appellant had returned to Oregon the respondent and Crandall came to him with a letter from appellant, and that witness in conversation with her at that time said to her: "If you are going to Oregon to get employment you had better go on an emigrant train, for you will save a month's wages every day of the trip; but if you are going out there to marry old man Knott, you had better go first class."

This witness was then asked the following questions: "State what the appellant said to you in reply to what you thus communicated to him?" "State what you said to the appellant and what he said to you in reply, when you communicated to him this conversation and request of the respondent as you have testified?" The same questions were put to the appellant while he was upon the stand testifying in his own behalf. These questions were not allowed to be answered, upon the ground that the respondent was not shown to be present, and that the testimony sought to be elicited was irrelevant.

If these communications occurred prior to the alleged engagement of marriage between the appellant and respondent, the replies of the appellant thereto were irrelevant and not admissible; but on the other hand, if it had been made to appear that they occurred subsequent to said engagement, they would have been relevant and should have been admitted. The bill of exceptions failing to disclose when this occurred, whether before or after the engagement, we must presume that it occurred prior to said engagement. Error is never presumed, but must be made to appear.

It is further claimed that the court erred in giving to the jury certain instructions asked by counsel for respondent, which were as follows:

1. "If you find from the evidence that the contract of marriage was entered into between plaintiff and defendant,

and that before the commencement of the action defendant married another person, and by so doing placed himself in such a condition that he could not comply with his contract, then no offer on the part of plaintiff was necessary."

2. "If the jury believe that there was a contract made and entered into between these parties, and that defendant has broken off that contract, and refused to comply with it, then the plaintiff is entitled, as a matter of course, to damages, as a necessary consequence following from the breach of the same."

3. "If the jury believe that there was a contract to marry plaintiff in Washington, and that the defendant offered to marry plaintiff there, and that afterward, by mutual consent, they concluded that she should come to Oregon, and that the marriage should then be consummated; and that, with that understanding, the plaintiff did come to Oregon, and was ready and willing, or offered to marry defendant; and if defendant, while plaintiff was so ready and willing, did some act which incapacitated him from marrying plaintiff, or which had the effect to dispense with an offer by plaintiff, then the plaintiff is entitled to recover without first showing such offer or request by her to defendant."

We think there was no error in either of these instructions. (42 N. Y. 246.)

Counsel for the appellant asked the following instruction: "If the jury believed from the evidence that an agreement or contract for marriage was entered into between plaintiff and defendant, and that defendant afterward, several times, offered and proposed to marry plaintiff, and such offer was declined on her part without reasonable ground for so doing, then the jury should find for the defendant."

Which instruction the court gave, and added thereto the further instruction: "But if you find that such offer was at any time made, and was so declined, not because plaintiff objected generally to marrying defendant, but because she objected to so doing at that particular time, and you find that such objection was reasonable, or was acquiesced in by the defendant, then the fact of such refusal should not be

treated so as to discharge defendant from his obligation to marry plaintiff, if he was under such obligation."

It is claimed on behalf of appellant that the additional instruction of the court qualifying the one asked by the appellant was erroneous and should not have been given. To this we can not assent, as we are of opinion it contains a clear statement of the law upon that proposition.

The appellant also asked the court to give the following instructions which were refused: "The plaintiff alleges in her complaint that defendant, at Washington City, promised to marry plaintiff, at such time as she, the plaintiff, at defendant's request, should come from Washington City to the city of Portland, Oregon. If, therefore, the jury believe from the evidence that after plaintiff arrived in Oregon, the defendant at a reasonable time offered to marry her, and she refused or declined to marry him, then plaintiff can not recover in this action."

"If the jury believe from the evidence that defendant offered to marry plaintiff in Washington City, and she declined on the ground of the marriage then being too hasty; and that afterward, at San Francisco, plaintiff offered to marry the defendant, and that she then again declined on the ground that she was unwilling to marry plaintiff until she reached Oregon and saw the house she was to occupy, and that the next day after reaching Oregon the plaintiff again declined to marry defendant on the ground that she was too tired then; and three weeks thereafter, defendant offered to marry plaintiff, and she declined on the ground that she was then sick, the jury should find for the defendant."

The refusal of these instructions is also assigned as error.

If these instructions were admissible under the pleadings, they are objectionable upon the ground that they withdraw entirely from the consideration of the jury the question as to whether the excuses of the respondent were reasonable and sufficient to exonerate her from a breach of contract.

There being no substantial error in the record, the judgment is affirmed.