LOUIS WINDMULLER *et al.*, Respondent, *v.* THOMAS J. POPE, Appellant.

*Court of Appeals, December* 6, 1887.

1. *Contract.   Breach by vendee.*—Where the vendee, before the time of delivery fixed by a contract of sales of goods, notifies the vendor that he will not receive or pay for them, and advises him that he had better stop at once any further attempts to carry out the con-tract, the vendor is justified in treating the contract as broken by the vendee at that time and entitled to bring the action imme-diately for the breach, without tendering the delivery of the goods, or awaiting the expiration of the period of performance fixed by the contract ; nor can the vendee retract his renunciation of the contract after the vendor had acted upon it and by a sale of the goods to other parties changed his position.

2. *Contract.   Damages.*—The rule of damages in an action by a vendor of goods and chattels, for a refusal by the vendee to accept and

pay for them, is the difference between the contract price and the market value of the property at the time and place of delivery.

Action to recover for alleged breach of a contract to purchase a quantity of goods. Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict.

*Carlisle Norwood, Jr.,* and *W. W. Niles,* for appellants.

*Bernard Roelker* and *Cephas Brainard,* for respondents.

PER CURIAM.—We think no error is presented upon the record which requires a reversal of the judgment.

The defendants having on the 12th of June, 1880, notified the plaintiffs that they would not receive the iron rails or eay for them, and having informed them on the next day that if they brought the iron to New York they would do so at their own peril, and advised them that they had better stop at once attempting to carry out the contract, so as to make the loss as small as possible, the plaintiffs were justified in treating the contract as broken by the defendants at that time and were entitled to bring the action immediately for the breach, without tendering the delivery of the iron, or a waiting the expiration of the period of performance fixed by the contract; nor could the defendants retract their renunciation of the contract after the plaintiffs had acted upon it and by a sale of the iron to other parties changed their position. Dillon *v.* Anderson, 43 N. Y. 231 ; Howard *v.* Daly, 61 id. 362; Ferris *v.* Spooner, 102 id. 12; Hochster *v.* De La Tour, 2 El. & Bl. 678; Cort *v.* Ambergate, etc., Railway Co., 17 Ad. & El. 127 ; Crabtree *v.* Messermith, 19 Ia., 179 ; Benjamin on Sales, § 567, 568.

The ordinary rule of damages in an action by a vendor of goods and chattels for a refusal by the vendee to accept and pay for them is the difference between the contract price and the market value of the property at the time and

place of delivery. Dana *v.* Fiedler, 12 N. Y. 40; Dustan *v.* McAndrew, 44 id. 72; Cahen *v.* Platt, 69 id. 348.

The just application of this rule to the circumstances in this case, requires that in computing the damages the defendants should be credited with the difference between the freight from Cronstadt to New York, fixed by the charter-party, less the sum which it cost the plaintiffs to be released from the charter, and also with any other expenses which the plaintiffs would naturally have incurred in performing their contract to deliver the iron in New York. The contract price being known, and the market price of the iron in New York at the time of the breach and subsequently having been proved, as also the sum which the plaintiffs paid for damages and expenses on account of the charter and the customary rate of insurance, the computation of the damages was a simple arithmetical problem. All these elements were before the jury and the verdict does not exceed, indeed it is less than the sum which, on the view of the evidence most favorable to the defendants, the plaintiffs were entitled to recover. The plaintiffs on the trial proved the market value of the iron at St. Petersburg, where it was at the time of the breach, and also that they sold it on the twelfth of July at a certain price. The plaintiffs also gave evidence of various expenditures made by them, which it is unnecessary to recapitulate. It is claimed that some of these items could not properly be considered in estimating the damages. Assuming that this may be true the fact remains, nevertheless, that the verdict is fully warranted by the competent and uncontradicted evidence. The amount of the verdict is justified whether the market value of the iron in St. Petersburg or New York is taken as a basis. The evidence also shows, without a contradiction, that on the resale the iron brought ist full market value irrespective of storage, and it is not important to determine whether the plaintiffs could fix the market price by a sale without notice to the defendants.

There is no merit to the defense and the exceptions are in the main technical and frivolous, and none of them, we think, require a reversal of the judgment.

The judgment is therefore affirmed.

All concur, except RAPALLO, J., absent.