(27 App. Div. 131.)

### DEERY et al. v. WILLIAMS.

(Supreme Court, Appellate Division, First Department.   March 11, 1898.)

BREACH OF CONTRACT—MEASURE OF DAMAGES.

In an action for damages resulting from the buyer's refusal to accept goods sold to him, defendant can show the value of the goods left in the possession of plaintiff, which, deducted from the contract price, is the measure of damages.

Appeal from trial term, New York county.

Action by John J. Deery and another, as executors, against John T. Williams, for damages for a breach of contract.   From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Richard T. Greene, for appellant.

George E. Gartland, for respondents.

RUMSEY, J.   Two causes of action were set out in the complaint. As to the first no question arises which need be considered here. In the second cause of action it was alleged substantially that Cassidy, the plaintiff's testator, made a contract with the defendant to deliver to him certain granite bases and sills for a building at the corner of Broadway and Broome street, in the city of New York, for which the plaintiff was to pay Cassidy the sum of $2,277.50.   It was further alleged that Cassidy finished the granite as agreed pursuant to the plans delivered to him, and offered it to the defendant, who refused to accept it, and notified Cassidy that he would not accept it, and would not perform the conditions of the contract upon his part.   It is further alleged that Cassidy had performed all the conditions on his part, and had finished the granite as agreed, and that the granite so executed and finished was valueless for any other building.   The complaint then alleged that, by reason of the breach of the said contract by the defendant, Cassidy had sustained damages in the sum of $2,000, for which the plaintiff demanded judgment.

It is evident that the cause of action was to recover damages for the breach of the contract to accept and use the granite; and in such an action the measure of damages is the difference between the contract price and the market value of the property at the time and place of delivery.   Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436.   It was conceded that none of the granite was received by the defendant, but that it all remained in the possession of the plaintiffs, except a small portion which they had sold.   Upon the trial, the defendants offered to show at various times, and in various ways, the value of the granite which still remained in the possession of the plaintiffs. The defendant insisted that this evidence was competent upon the question of damages; but in this claim he was overruled by the court, and the evidence was excluded against his objection and exception. This ruling of the court was clearly error.   The granite was still in the possession of the plaintiffs.   They had never parted with the

possession or the title of it, and their complaint was that the defendant had refused to accept it and to pay for it as he had agreed. If he had received the granite, and paid for it, their profits would have been the difference between what it would have cost them to procure it and prepare it for delivery and the price which would have been paid to them. As the granite never was taken out of their possession, and they still had it, their loss by the refusal of the defendant to accept it was clearly the difference between the price which the defendant was to pay for it and the expense of procuring it and preparing it for delivery under the contract, less the market value of the granite which still remained on their hands. They claimed that the granite was utterly valueless for any other purpose, and they gave evidence tending to show that proposition. If that had been true, it would have shown that the granite was of no value, and would have materially increased the damages which the plaintiffs were entitled to recover. That fact, therefore, was one which the defendant had a right to controvert, and the refusal to permit him to do so was error, for which this judgment must be reversed. We have not thought necessary to examine any other question in the case.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur.