WILLIAM KELLY, Respondent, *v.* SECURITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

1. INSURANCE — PREMATURE ACTION TO RECOVER DAMAGES FOR THE REPUDIATION BY A MUTUAL LIFE INSURANCE COMPANY OF ITS OBLIGATION UNDER A POLICY. The rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages is usually applied only to contracts of a special character, even in jurisdictions where it obtains at all; it is not generally applied to contracts for the payment of money at a future time, and has not been extended in this state to such contracts made by mutual life insurance companies.

2. REMEDY OF POLICYHOLDER IS AN EQUITABLE ACTION TO PRESERVE CONTRACT OF INSURANCE. Where in an action upon a policy issued by a mutual life insurance company to recover damages for an alleged breach of its contract to pay a sum of money on the death of the plaintiff, the only allegation in the complaint as to a breach was that the defendant wrongfully declared the contract " void and forfeited, denied that the plaintiff had any right thereunder," and refused " to continue said policy in force," a judgment for damages cannot be sustained, since the time not having arrived for performance the policy is still in force and an action at law will not lie; the plaintiff's remedy, if any, is in equity to compel recognition by the defendant of its obligations under the policy.

*Kelly* v. *Security Mutual Life Ins. Co.*, 106 App. Div. 352, reversed.

. (Argued June 14, 1906; decided October 2, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The complaint contains two counts, in the first of which the plaintiff alleged, in substance, that in August, 1889, the defendant, a domestic corporation duly authorized, issued to him its policy of insurance for $1,000, payable on his death to his wife, the policy being referred to as part of the complaint; that the plaintiff performed his part of the contract, but the defendant wrongfully declared said policy forfeited and refused to continue it in force; that the beneficiary transferred her

rights thereunder to him and that the policy was worth to him $1,000, in which amount he alleged he had sustained damages.

The second count was upon a like policy payable to the children of the plaintiff, who transferred their rights to him before the commencement of the action. Judgment was demanded for the sum of $2,000, with costs.

Each policy was a certificate of the defendant admitting the plaintiff to membership, subject to certain specified conditions, including the prompt payment of quarterly dues on the days named. Upon his death his wife in one case and his children in the other, became entitled to payment from the reserve fund of the sum of $1,000. The failure to pay dues rendered the contract void and forfeited all payments made thereon, with an unimportant exception. The answer alleged as an affirmative defense that the policies became null and void on the 2nd of May, 1903, because the defendant failed to pay the premiums which fell due on that day as required by the contracts.

The question sent to the jury was whether the defendant by its course of dealing with the plaintiff had waived strict performance as to the payment of dues on the law day. They were instructed if they found a waiver to bring in a verdict in favor of the plaintiff for the present value of the policies, including interest. The jury found a general verdict for the plaintiff for $1,289.78. The judgment entered thereon was unanimously affirmed by the Appellate Division and the defendant appealed to this court.

*Celora E. Martin* and *F. W. Jenkins* for appellant. The complaint did not state a cause of action, and there was no proof to justify the judgment from which this appeal is taken. (*Hencken* v. *U. S. L. Ins. Co.*, 11 Daly, 282; 98 N. Y. 627; *St. John* v. *A. M. L. Ins. Co.*, 13 N. Y. 31; *Walsh* v. *M. L. Ins. Co.*, 133 N. Y. 408; *Olmstead* v. *Keyes*, 85 N. Y. 593; *Atty.-Gen.* v. *Ins. Co.*, 82 N. Y. 172; *People* v. *Ins. Co.*, 103 N. Y. 480; *Ins. Co.* v. *Stratham*, 93 U. S. 24; *Frank* v. *Ins. Co.*, 102 N. Y. 266; *Fowler* v. *Ins. Co.*,

116 N. Y. 389; *Attorney-General* v. *C. L. Ins. Co.*, 93 N. Y. 70; *Holly* v. *M. L. Ins. Co.*, 105 N. Y. 437; *Langan* v. *Supreme Council*, 174 N. Y. 266; 176 N. Y. 595.)

*S. Mack Smith* for respondent. An action at law is the proper remedy for the general breach of a contract of life insurance. (*I. & G. T. Co.* v. *Tod*, 180 N. Y. 230; *Steinbock* v. *Diepenbrock*, 158 N. Y. 30; *Meyer* v. *K. L. Ins. Co.* 73 N. Y. 516; *Fisher* v. *H. M. L. Ins. Co.*, 69 N. Y. 161; *Day* v. *C. L. Ins. Co.*, 45 Conn. 480; *Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286; *Speer* v. *P. M. L. Ins. Co.*, 36 Hun, 322; *Evans* v. *S. T. M. R. Assn.*, 182 N. Y. 453; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143.)

VANN, J. Before any evidence was taken at the trial the defendant moved to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, but the motion was denied and the defendant excepted. This ruling survives unanimous affirmance by the Appellate Division and is open to review by this court. (*Jones* v. *Reilly*, 174 N. Y. 104; *Sanders* v. *Saxton*, 182 N. Y. 477, 478.)

The defendant was not required to present the question by demurer or answer, but could raise it by motion made at the trial. (*Weeks* v. *O'Brien*, 141 N. Y. 199, 203; Code Civ. Pro. § 499.)

The case made by the complaint was not in equity to relieve from forfeiture and reinstate the policy, but purely at law to recover damages for the breach of its contract by the defendant. The only promise made by the defendant in the contract was to pay a sum of money on the death of the plaintiff, but no breach of that promise was alleged. The plaintiff is still living and nothing is yet due upon the contract, according to its terms. What breach was alleged? The only allegation on that subject is that the defendant wrongfully declared the contract "void and forfeited," denied that the plaintiff had "any rights thereunder," and refused "to con-

tinue said policy in force." How or why, when, to whom or by whom the defendant declared the contract forfeited, or denied the plaintiff's rights thereunder, or refused to continue it in force, is not stated. There is no allegation of a refusal to receive premiums, or give receipts therefor, or that the defendant had never recognized its contract, or that it had not retracted its repudiation, or that it was in such a position that it could not retract. The pleader was satisfied with the conclusion that he set forth. This was not a breach of the contract, because the time for performance by the defendant had not arrived. An attempt to repudiate such a contract does not make it due. If the maker of a promissory note, given for borrowed money and due one year after date, notifies the holder the next day that he repudiates it and will not pay it, can the holder sue at once? Can a mortgagor make his mortgage due before the law day by repudiating it in advance?

The rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages, is usually applied only to contracts of a special character, even in the jurisdictions where it obtains at all. It is not generally applied to contracts for the payment of money at a future time and in some states the principle is not recognized in any way whatever. (*Daniels* v. *Newton*, 114 Mass. 530; *Stanford* v. *McGill*, 6 N. Dak. 536; *Carstens* v. *McDonald*, 38 Neb. 858; *King* v. *Waterman*, 55 Neb. 324.) In other states and in the Federal courts the principle is adopted but applied with caution. (*Roehm* v. *Horst*, 178 U. S. 1, 17, 18; *Schmitt* v. *Schnell*, 14 Ohio C. C. 153; *Brown* v. *Odill*, 104 Tenn. 250; *Roebling's Sons Co.* v. *Fence Co.*, 130 Ill. 660; *Unexcelled Fire Works Co.* v. *Polites*, 130 Pa. St. 536.) In this state it seems to be limited to contracts to marry (*Burtis* v. *Thompson*, 42 N. Y. 246); for personal services (*Howard* v. *Daly*, 61 N. Y. 362) and for the manufacture or sale of goods (*Windmuller* v. *Pope*, 107 N. Y. 674; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471); at least we have not extended it to mutual life insurance policies, perhaps for the

reason that the question of fact opened to unscrupulous persons by such extension might undermine the solvency of the company and inflict gross injustice upon the other policyholders.

The plaintiff alleges a breach only by anticipation. We held directly against his contention in a recent case which we regard as controlling. (*Langan* v. *Supreme Council Am. L. of H.*, 174 N. Y. 266.) That was an action at law founded upon a certificate of insurance, whereby the defendant promised, upon the death of the plaintiff, to pay his wife a sum not exceeding $5,000. The plaintiff alleged performance until the "defendant by its wrongful act broke the said contract and declared the same void." He further alleged that the defendant had "failed to carry out the conditions of the contract by declaring that it will not perform the contract or pay the insurance agreed to be paid, and that, upon his death, the beneficiary will not then be entitled" to the sum specified, "and that by reason of the breach of the aforesaid contract by defendant, plaintiff has sustained damages in the sum of $5,000." A judgment for $1,505.96, "the present value of the policy," was affirmed by the Appellate Division, but reversed by this court, upon the ground that "there was no breach of contract * * * which justified an action for damages; that the action of the plaintiff" in tendering performance "preserved the contract of insurance as it was; that he was not, thereupon, compelled to a course of inaction, but might resort to a court of equity * * _* and compel the defendant to live up to its contract."

The principle of that case controls this. Both actions were at law to recover damages for the breach of the same kind of a contract and in the same way. As we held that an action at law would not lie in that case because there was no breach, and that the remedy of the plaintiff was in equity, we are compelled to hold the same way in this case. The plaintiff had no right to sue for damages before the time for performance by the defendant had arrived. He had sustained no damages, for the policy was still in force, and if it refused to

recognize its obligation thereunder he could compel recognition by a judgment exactly adapted to the situation.

The judgment below should be reversed and a new trial granted, with costs to abide event.

EDWARD T. BARTLETT, J. (dissenting).   A motion was made, at the opening of the trial, to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which was denied and exception taken.

The defendant's contention is that the plaintiff alleges no present breach of the contract of insurance; that if he had any remedy it was an action in equity to compel performance and not at law for damages; that the decision of this court in *Langan* v. *Supreme Council Am. L. of H.* (174 N. Y. 266) is a controlling authority against the form of action adopted by the plaintiff.

The plaintiff in the third paragraph of his first cause of action alleges due and complete performance of the contract on his part, and pleads as follows in the fourth paragraph of the same cause of action : " Plaintiff further alleges that notwithstanding the faithful performance of the contract upon his part, this defendant wrongfully, unlawfully and illegally and in violation of said contract and the rights of this plaintiff, by and through its officers and agents, have declared the said policy of insurance lapsed and forfeited, together with all payments thereon and dividends declared and earned, and deny that plaintiff has any rights thereunder, and refuse to continue said policy in force."

It seems very clear that, assuming an action at law was proper, there is enough in this complaint to permit plaintiff to prove, as is pleaded, performance of the contract on his part ; also to establish by competent testimony the actions and declarations of the officers of the defendant, constituting what is claimed to be a complete breach of the contract of insurance on the part of the defendant.   One breach of the contract alleged is the refusal to accept tender of all sums due under the same.

The defendant insists, as a separate point, that our decision in *Langan* v. *Supreme Council Am. L. of H.* (174 N. Y. 266) is directly against the plaintiff's contention. The case at bar and the case cited are, in my opinion, clearly distinguishable. While I joined in the dissent in the case cited, I now give loyal support to the principle established by that decision. On the other hand, I insist the doctrine of that case ought not to be extended; the rule should be stringently applied that only the questions raised were decided, and the broader statements of the opinion must be disregarded.

The facts in the *Langan Case (supra)* are, briefly, as follows: Langan, in August, 1882, insured his life with the defendant for $5,000.00, receiving its regular certificate, which stated, among other things, that it was issued subject to statements in the application of the insured, which was made a part of the certificate. In this application the insured agreed to " conform in all respects to the laws, rules and usages of the Order now in force, *or which may hereafter be adopted by the same.*" The contract was duly performed by the insured until the year 1900, when the defendant amended its by-laws so as to read as follows: " Two thousand dollars shall be the highest amount paid by the Order on the death of a member upon any benefit certificate *heretofore* or hereafter issued."

The plaintiff insisted that this amendment was without force or effect on certificates issued prior to its date, and the defendant company claimed that the plaintiff in his application had expressly conferred upon it the power to enact such amendment. The defendant having refused to receive premiums and deal with plaintiff generally on the basis of a five-thousand-dollar certificate, the latter brought his action at law for damages as for a breach of the contract.

The case presented an honest difference of opinion as to the scope and effect of the contract of insurance, which raised only a question of construction of the written instruments, and it was held that plaintiff had mistaken his remedy and was not entitled to bring his action at law for damages, but should have asked a court of equity to construe the contract

and decree its enforcement.   It was not a question of breach, each party standing on the contract, but an appeal to the court to construe the clause in the original application concerning which the parties could not agree.   This is the sole question decided, or that can be decided, when the *Langan* case is properly in a court of equity.

In the case at bar neither party attacks the contract; the plaintiff avers full performance on his part; the defendant alleges that by reason of the failure of plaintiff to pay certain premiums on the day when due, May 2nd, 1903, the policies lapsed.   The plaintiff undoubtedly could have resorted to a court of equity and asked that the contract be performed, but he preferred to take the defendant at its word, treat it as in breach of the contract, and sue at law for damages.   The *Langan* case did not and could not decide the question here presented, and I am not aware of any case in this court that has decided it.

In considering the question of election of remedies it is proper to recall what facts were settled by the unanimous decision affirming the judgment of the Trial Term in plaintiff's favor.   It is undisputed that the plaintiff paid his premiums in full in cash a long term of years prior to the 2nd day of May, 1903.   It is also undisputed that during said period when premiums were so paid, the defendant had, on not less than fifty occasions, received from the plaintiff his premiums when same had not been promptly paid on the day when due under the terms of the policies.

On the 5th day of May, 1903, the plaintiff called at the office of the defendant and offered to pay the premiums due on said policies three days before, and was informed, in substance, that the policies were forfeited and could not be renewed as he was too old and that the company could not carry his risk any longer.   It having become apparent to the plaintiff after some subsequent negotiations that the defendant stood upon the absolute forfeiture of the policies, he brought his action at law for damages.   The refusal of defendant to receive these premiums as tendered was a clear breach

of the contract. The defendant by accepting on fifty or more occasions the payment of premiums after the day when due, agreed to a modification of the contract provided payment was not unreasonably deferred. (*De Frece* v. *National Life Ins. Co.*, 136 N. Y. 144, 150, 151, and cases cited at page 151; same principle recognized in *Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 247.)

The plaintiff having received assignments from all the beneficiaries is vested with any right of action against the defendant arising under the contract of insurance. I see no difference between the contract of insurance and any other contract which is to be performed years after its execution as to the remedy in case of breach. It is for the plaintiff to determine whether he will struggle on with hostile, and possibly insolvent parties, by asking a court of equity to enforce the contract, or whether he will free himself by proving his damages in a court of law.

That this view of the law has been entertained by learned judges is illustrated in *Speer* v. *Phœnix Mutual Life Ins. Co.* (36 Hun, 322), an action decided in the General Term of the first department, Presiding Justice NOAH DAVIS writing the opinion, which was concurred in by Mr. Justice DANIELS. The action was brought to recover damages for an alleged breach of contract by defendant in refusing to receive the annual premium on a policy of life insurance and continue the insurance. The defendant sought to justify this refusal on the ground that the policy was obtained by fraudulent representations as to material facts. While the judgment in this case was reversed by the General Term, on the ground that an improper rule had been adopted as to the measure of damages, the learned judge writing the opinion said: "The defendant by refusing to receive the premium and continue the policy broke the contract at the date of such refusal, and subjected itself to the consequences that follow the breach of a binding agreement. The plaintiff had two remedies — one, to enforce the policy in equity by compelling the company to receive the premium and continue the insurance in force;

the other to recover at law such damages as he sustained by reason of the breach." There are other cases in the lower courts holding this same doctrine.

To say that the plaintiff is still living and that there is nothing due to the beneficiaries on this contract according to its terms may be said of many contracts which are to be performed in the future, whether it be for the breach of a contract to marry, the delivery of personal property, the performance of labor, or the carrying out of covenants entered into in the varying phases of business life and which have, upon breach, been held a proper foundation for an immediate action at law for damages.

The contracting parties in an insurance contract are the insured and the insurance company; the insured can at pleasure permit the policy to lapse by reason of non-payment of premiums if rights of creditors are not involved; he may change his beneficiary at any time by complying with certain provisions of the contract, or the statute. In other words, he possesses all the rights of a party to a contract. In the case at bar the record shows a change of beneficiaries under the statute (Laws of 1883, ch. 175, § 18), which permits the insured to change his beneficiary without acquiring the consent of the latter. This is a statute regulating co-operative and assessment life and casualty insurance associations.

The certificate, or policy, in the case at bar contains various covenants to be performed by the defendant company other than payment on the death of the insured. Prominent among them is a covenant providing for the equitable division of the reserve fund, with all accumulations from lapses and interest and a bond issued therefor to each member for his share at the end of each five years. The plaintiff is a holder of two of these bonds issued at end of first five-year period; none was issued at end of second five-year period. These bonds, under certain limitations, could be applied in payment of amount due from members for mortuary premiums.

The unanimous affirmance establishes beyond dispute that these policies were not a simple contract for payment of

money on death of insured, but involved valuable provisions benefiting the insured in his lifetime.

In my opinion the undisputed facts warranted the plaintiff in taking defendant at its word and treating it as in breach of its contract and liable to respond in damages in an action at law, under the great weight of authority in England and the United States. Many of the cases are reviewed by the Supreme Court of the United States in *Roehm* v. *Horst* (178 U. S. 1). The court there held in the matter of four outstanding executory contracts for the sale of hops, that a positive refusal to perform them constituted such a breach that damages could be recovered in an immediate action. The court pointed out that it had become the settled law of England that there may be an anticipatory breach of an executory contract by an absolute refusal to perform it as applied to contracts for services, for marriage, and for the manufacture and sale of goods (p. 8).

*Hochster* v. *De La Tour* (2 El. & B. 678) treats of contract for services; *Frost* v. *Knight* (L. R. [7 Ex.] 111) defendant had promised to marry plaintiff so soon as his (defendant's) father should die; defendant announced his refusal to perform and it was held an action would lie for breach in father's lifetime; *Brown* v. *Odill* (104 Tenn. 250). Numerous other cases are cited in 174 U. S. 1 (*supra*). In this state there are cases dealing with varying facts. *Burtis* v. *Thompson* (42 N. Y. 246) holds that in a breach of promise of marriage action may be brought at once, although time of performance had not arrived; *Howard* v. *Daly* (61 N. Y. 362) holds that a contract for future employment, repudiated by employer, authorizes action to be brought at once for the breach; *Windmuller* v. *Pope* (107 N. Y. 674), purchaser of goods prior to time for delivery notified seller that he would not receive them; vendor held entitled to sue at once; *Speer* v. *Phœnix Mutual Life Ins. Co.* (36 Hun, 322), already cited and quoted from, applies the doctrine under discussion to the contract of insurance repudiated by the company. In *Cutter* v. *Powell* (2

Smith's Leading Cases, at p. 1 *et seq.*) will be found a learned and exhaustive note upon this general subject.

The principle to be extracted from the cases is that if one party to a contract informs the other party that he repudiates it, regards it as terminated, the other party has two courses open to him; he can take the notifying party at his word and sue at once for damages, or he can go into equity and compel performance. There is certainly no hardship in applying this rule to the case before us.

If, as I insist, the *Langan Case* (*supra*) offers no obstacle, what is there in the position of this defendant that calls for the protection of the court. It has refused to accept premiums when due; it has declared to the plaintiff that his policies had lapsed and forfeited; that he had no interest therein; that he was too old and it would not carry his risk longer.

I see no legal objection to this court including co-operative and assessment insurance associations in the list of cases where the doctrine that there may be an anticipatory breach of an executory contract, by an absolute refusal to perform it, which will warrant an immediate action at law for damages.

Experience and the records of this court establish that it is not the modern creation, generally described as the co-operative mutual benefit and assessment association, which most needs judicial protection, but rather the indigent, ignorant and unprotected policyholder, who, in many instances, after paying premiums for eighteen or twenty years, finds himself in his old age entangled in the provisions of artfully or ignorantly-drawn contracts and confronted with the possible loss of insurance he has maintained for those dependent upon him by a life of toil and self-denial.

The courts below made a proper disposition of this case, and the judgment should be affirmed, with costs.

Cullen, Ch. J., Gray, Werner and Willard Bartlett, JJ., concur with Vann, J.; Edward T. Bartlett, J., reads dissenting opinion; Chase, J., not sitting.

Judgment reversed, etc.