GUARANTY TRUST COMPANY OF NEW YORK, Plaintiff *v.*
JOSEPH MEER, Defendant.

(Supreme Court, New York Special Term, February, 1921.)

Pleading — when demurrer to complaint sustained — contracts —
negotiable instruments — damages — foreign exchange — Per-
sonal Property Law, §§ 145, 145(3), 156.

> A complaint alleged a written contract under which plain-
> tiff agreed to sell and deliver to defendant at the city of New
> York 500,000 French francs, check on Paris, France, at the
> rate of 8.33 francs per dollar. Within a few days after de-
> fendant had notified plaintiff that he repudiated the contract,
> plaintiff sold the francs in the city of New York at the then
> current market rate of 16.56 francs per dollar, and as a result
> of the credit to defendant of the amount realized on such sale,
> defendant still remained indebted to plaintiff in a certain sum
> for which judgment was demanded. *Held,* that the measure
> of damages, in the absence of an allegation of " special cir-
> cumstances showing proximate damage of a greater amount,"
> was under section 145(3) of the Personal Property Law the
> difference between the contract price and the market price at
> the time when the money ought to have been accepted.
>
> It appearing that had plaintiff held the money until the date
> fixed for its delivery, the loss sustained would have been several
> thousand dollars less than established by the sale, a demurrer
> to the complaint on the ground that plaintiff in his demand
> for judgment had adopted the wrong measure of damages, will
> be sustained.

MOTION to overrule demurrer.

Frank M. Patterson, for plaintiff.

Jerome, Rand & Kressel, for defendant.

DONNELLY, J.  This is a motion to overrule the
demurrer interposed by the defendant to the complaint
herein on the ground that it does not state facts suffi-

cient to constitute a cause of action. The complaint in substance alleges that heretofore, and on or about the 9th day of October, 1919, the plaintiff and the defendant entered into an agreement in writing wherein and whereby it was mutually agreed between them that the plaintiff should sell and deliver to the defendant at the city of New York, at any time during July, 1920, at the defendant's option, 500,000 French francs, check on Paris, France, at the rate of 8.33 francs per dollar, for the total sum of $60,024, and that the defendant should accept the same from the plaintiff, and pay therefor said sum of $60,024. That on or about the 23d day of April, 1920, the defendant notified the plaintiff that he repudiated said contract and would not accept said 500,000 francs, or pay therefor, or carry out the terms of said agreement on his part. That the plaintiff was ready and willing to perform said agreement on its part, and would have delivered to defendant the said 500,000 francs, according to the terms of said contract but for the defendant's said repudiation. That on or about the 29th day of April, 1920, and subsequent to said repudiation the plaintiff sold said 500,000 French francs, the amount of said check on Paris, in the city of New York, at the then current market rate of 16.56 francs per dollar, realizing as a result of the sale $30,193.33, and that as a result of the credit of this item to the defendant, the defendant still remained indebted to the plaintiff in the sum of $29,830.77, for which the plaintiff demanded judgment in that amount. The defendant served a demurrer, reciting as its ground that the complaint does not state facts sufficient to constitute a cause of action. Plaintiff, upon receipt of such demurrer, moved to overrule the same and for judgment on the pleadings. The points made by the defendant in support of the demurrer are: (a) That the

alleged contract comes within the purview and under the provisions of the Personal Property Law of the state of New York, and (b) that the plaintiff has adopted the wrong measure of damages and no facts from which the proper measure of damages can be ascertained are alleged. It has been decided in at least two recent cases that section 85 of the Personal Property Law (Statute of Frauds) applies to the sale of foreign exchange. *Equitable Trust Co.* v. *Keene,* 111 Misc. Rep. 544; *Reisfeld* v. *Jacobs,* 107 id. 1. In the case of *Equitable Trust Co.* v. *Keene, supra,* the court draws the distinction between a " commodity " and a " chose in action," and holds that if the agreement be regarded as one to sell " English pounds " it is covered by the rule that foreign money when dealt in in this country is to be regarded as a commodity; if, on the other hand, it is a contract by the plaintiff to make available to the defendant " a credit of the amount specified at the point specified," then it is an agreement to sell a chose in action, and in either case comes within the provisions of section 85 of the Personal Property Law. While it is true that the Statute of Frauds is not available on demurrer against this complaint — the allegation being that the contract is in writing — yet these decisions are illuminating in showing the trend towards treating these contracts as dealings in commodities or choses in action. The plaintiff contends that the contract in question under the case of *Equitable Trust Co.* v. *Keene* constitutes a sale of a chose in action, and that by section 156 of the Personal Property Law a chose in action is expressly excluded from the purview and application of section 145 of the Personal Property Law, which is the only section of that law germane to the ground of " improper measure of damages " raised by the demurrer. For the purposes of this

motion I am willing to agree with the contention of
the plaintiff to the extent of holding that the contract
in question is one for the sale of a chose in action,
and that section 145 of the Personal Property Law,
as modified by section 156 of that act, does not apply
to this sale. The plaintiff, however, insists that
neither the rule of damages as contained in the
Personal Property Law, nor as stated at common law,
and which is supposed to be codified by section 145 of
the Personal Property Law, applies to this particular
transaction; that the instant case is one of first impres-
sion, and that the court should evolve a new measure
of damages to meet the exigencies of this class of
cases, and that the new measure of damages should
be predicated upon the idea that foreign exchange is
perishable in nature, and that therefore a vendor of
foreign exchange in case of an anticipatory breach by
the vendee is under a duty at the time of the breach to
sell the foreign exchange at once in order to mitigate
the loss of the vendee. The plaintiff further suggests
that this new rule of damages should be based on
logic and reason. I see no necessity for a new measure
of damages to compute the loss arising out of an
anticipatory breach of the sale of foreign exchange.
The sale of foreign exchange runs into millions every
year in this city, the same as the sale of other objects
of sale, and there is no reason that I know of why it
should have exclusive safeguards. The claim that
foreign exchange is perishable is not borne out by the
business generally, nor the instant case in particular.
Perishable goods in the very nature of things con-
tinue to decline in value as time advances, and are in
imminent danger of being rendered valueless. Foreign
exchange may enhance in value in the future as well
as decline, and in the transaction alleged in this com-
plaint had the plaintiff held the francs until the date

of the delivery, July 31, 1920, the loss sustained by the defendant would have been $9,000 less than was established by the sale on April 29, 1920, the date of the breach. In my opinion, whether the contract is treated as one for the sale of a commodity or one for the sale of a chose in action, the measure of damages for an anticipatory breach would be the same. If treated as a commodity, section 145 of the Personal Property Law would apply, and the provisions of this section are merely declaratory of the common law, and if treated as a chose in action, the rules of damage as stated at common law would obtain. Section 145 of the Personal Property Law provides as follows: "Action for damages for nonacceptance of the goods. 3. Where there is an available market for the goods in question, the measure of damages is, in the absence of special circumstances, showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted, or, if no time was fixed for acceptance, then at the time of the refusal to accept." There is no claim alleged or advanced by the plaintiff of " special circumstances showing proximate damage of a greater amount." The common-law rule in the case of an anticipatory breach of a contract of sale of goods including the ordinary measure of damages is stated in *Windmuller* v. *Pope,* 107 N. Y. 674, as follows: " The defendants having on the 12th of June, 1880, notified the plaintiffs that they would not receive the iron rails, or pay for them, and having informed them on the next day that if they brought the iron to New York they would do so at their own peril, and advised them that they had better stop at once attempting to carry out the contract, so as to make the loss as small as possible, the plaintiffs were justified in treating the contract as broken

by the defendant at that time, and were entitled to bring the action immediately for the breach, without tendering the delivery of the iron, or awaiting the expiration of the period of performance fixed by the contract; nor could the defendants retract their renunciation of the contract after the plaintiffs had acted upon it and, by a sale of the iron to the other parties, changed their position (cases cited)." The ordinary rule of damages in an action by a vendor of goods and chattels for a refusal by the vendee to accept and pay for them is the difference between the contract price and the market value of the property at the time and place of delivery. The plaintiff may claim, however, on account of the fluctuation of the market in foreign exchange that it was the duty of the plaintiff to sell these French francs at the time of the breach in order to mitigate the loss. This situation is disposed of by the case of *Saxe* v. *Penokee Lumber Co.*, 159 N. Y. 371, where the court at page 378 said: " ' There is another pertinent rule of damages, that the party who suffers from a breach of contract must so act as to make his damages as small as he reasonably can.' A just rule, indeed, and applied wherever needful, but one wholly without practical application to a case where the subject matter of the contract has a market value at the time and place of delivery." The motion to overrule the demurrer is denied, and the demurrer is sustained on the ground that the plaintiff has adopted the wrong measure of damages in demanding judgment.

Ordered accordingly.