CONTINENTAL COTTON COMPANY, INC., Plaintiff, *v.* ISIDORE G. MANN, Defendant.

(City Court of the City of New York, December, 1921.)

Sales — contracts — damages for failure to deliver — time of delivery — nominal damages — Personal Property Law, § 148.

Where a contract for the sale and delivery of five hundred bales of cotton linters fixed no time for delivery except that the goods were to be sent in shipments of not less than sixty bales at a time, and the seller upon making delivery of one ·installment repudiates the contract, the measure of damages in an action by the buyer for breach of the contract is by section 148 of the Personal Property Law fixed at the difference between the contract price and the market price of the goods at the time of defendant's refusal to deliver.

Although the writings were silent on the point, the question whether any agreement as to the time of performance was reached by parol was submitted to the jury under a charge that if they found there was such a time fixed, the market conditions as of that time were the proper criterion of damages and that if they found no time fixed they might determine what was a reasonable time for performance 'and measure the damages accordingly. Later, upon request, the jury were correctly instructed that if they found no time for delivery was fixed, the damages were to be computed as of the time of the breach of the contract. *Held,* that a motion to set aside a verdict for nominal damages will be denied.

MOTION to set aside verdict.

Barnett E. Kopelman, for plaintiff.

Sanders, Gelenko & Polstein (Leon Sanders, of counsel), for defendant.

CALLAHAN, J.    This is a motion by plaintiff to set aside the verdict of a jury in its favor for nominal damages. The court ruled that the evidence showed a breach by defendant of its contract to deliver a

quantity of cotton linters, but submitted the question of damages to the jury. The contract was for the sale and delivery of 500 bales of cotton linters. It fixed no time for delivery except that it provided that the goods were to be sent in shipments of not less than sixty bales at a time, and provided further that plaintiff (the buyer) had the right to free storage of the goods to a date specified. The breach was an anticipatory one in that only one installment of about sixty bales had been delivered when, on August 10, 1921, the defendant wrote to plaintiff repudiating the contract. The question arises as to what is the proper time as of when damage is to be measured under these circumstances. This question was long the subject of much dispute at common law. In this state there was early dictum, if not specific authority, holding that when such anticipatory breach occurred it was as of the time of the breach and not of performance that damages were to be fixed. *Masterson* v. *Mayor of Brooklyn,* 7 Hill, 61. This case contained a strong dissenting opinion to the effect that the market at the time of performance was to be the measure. The more recent authorities in this state were apparently inclined to follow the view expressed by the dissenting justice. *Windmuller* v. *Pope,* 107 N. Y. 674; *Todd* v. *Gamble,* 148 id. 382; 2 Sedg. Dam. (9th ed.) § 636-a, p. 1243, § 636-l, p. 1266. I feel, however, that, whatever may have been the rule at common law, the measure of damage is now fixed by the terms of the Personal Property Law. This statute covers anticipatory as well as other breaches. *Goldfarb* v. *Campe Corp.,* 99 Misc. Rep. 475. Section 148 of the Personal Property Law provides that the measure of damage is the difference between the contract price and the market price of the goods at the time or times they ought to have been delivered, or if no time was fixed, then at the time of the refusal to deliver. Action may be brought before

the time fixed for performance may have expired. *Windmuller* v. *Pope, supra.* Only one action may be brought, and all damages, existing and prospective, must be claimed and may be recovered in such action. *Pakas* v. *Hollingshead,* 184 N. Y. 211. The novel feature in the instant case arises in considering the effect of the statutory provision that where no time is fixed for performance, then the market at the time of the breach is to govern, in connection with the well-settled rule of common law that in the absence of a time fixed by the contract the law fixes a reasonable time after the making of the contract as the time for performance. Assuming, as in the case at bar, that it might be held or found by the jury from the evidence that a reasonable time for deliveries would be some day subsequent to the breach, at which time the market price of the commodity might be far different from that on the date of the breach, I am constrained to hold, nevertheless, that under the plain language of the statute the present rule in this state is that the question of reasonable time of performance is immaterial, and the damage must be assessed as of the date of breach in the absence of a provision in the contract fixing the time of performance. In the case at bar the question was submitted to the jury as to whether there was any agreement as to time of performance reached by parol, although the writings were silent on this point. They were instructed in the main charge that if they found there was such a time fixed, then the market conditions as of that time were to be used as the proper criterion. They were also instructed that if they found no time fixed, then they might determine what was a reasonable time for performance and measure damages as of that date, but later, upon request, they were advised if they found no time of delivery was fixed, then the time of breach was the

time to be used in computation. The latter, which was the proper rule, was the one apparently followed by the jury. There was little contradiction in the evidence as to the fact that at the time of the breach, and in fact for almost a month thereafter, the market price of cotton linters was about the same as the contract rate. The jury were entitled to find no substantial damage if they measured the same as of the time of the breach. As a finding by them that there was no time agreed upon for delivery would not be contrary to the weight of the evidence, the finding of nominal damages cannot be disturbed.

Motion denied.