OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and defendant Equitable’s motion for partial summary judgment denied.
Under the terms of this life insurance policy, “the Owner may obtain an advance from the Society” (emphasis added). The plain meaning of this language, as well as relevant case law, leads us to the conclusion that such moneys are *933 “merely a deduction in account from the sum that the [insurer] ultimately must pay” (Matter of Hayes, 252 NY 148, 154; emphasis added). Since payment is not due until after the death of the insured, a beneficiary cannot properly sue for the proceeds to be received under the policy until the time for performance has arrived (see Kelly v Security Mut. Life Ins. Co., 186 NY 16, 19). Plaintiff’s suit for the proceeds having been commenced within six years of her husband’s death, it was not barred by the Statute of Limitations (CPLR 213).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.