(63 App. Div. 106.)

### McCREADY v. LINDENBORN.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. LANDLORD AND TENANT—BREACH OF LEASE—ELECTION OF REMEDIES.
     A lease provided that, if the premises should be vacated by the tenant during the term, the landlord might re-enter and relet the premises, and bound the tenant to pay the difference between the agreed rent and the rent actually received, in equal monthly payments, as the deficiency.

should be determined. *Held*, that the landlord, on the vacation of the premises by the tenant, was not required to bring actions for the deficiency in the rent, as authorized by the contract, but could sue for the damages occasioned by the breach thereof.

**2.** SAME—DAMAGES—BILL OF PARTICULARS.

A bill of particulars in an action by a landlord against a tenant for a breach of a lease by vacating the premises, which states that the damages claimed are computed by deducting the estimated amount of rentals which may be obtained, less certain expenses, does not preclude the landlord from proving damages, on the ground that such damages are speculative.

O'Brien, J., dissenting.

Action by Caroline A. McCready against David Lindenborn for breach of a lease. Judgment was rendered in favor of defendant, and motion for a new trial, on exceptions, was directed to be heard by the appellate division. Reversed.

Argued before VAN BRUNT, P. J.. and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

W. P. Prentice, for plaintiff.
Morris J. Hirsch, for defendant.

INGRAHAM, J. The plaintiff, the owner of a lot of land with the buildings thereon in the city of New York, on the 9th of October, 1893, leased it to the defendant for the term of nine years and seven months, to begin on the 1st of October, 1894, at the yearly rent of $6,400, until the 1st of May, 1899, and for the balance of the term the rent was to be equal to 6 per centum net upon the value of the said premises, to be appraised as provided in the lease, in addition to taxes, assessments, and all costs of repair. The complaint alleged the making and execution of this lease; that on the 1st of October, 1894, the keys of the building were delivered to the defendant, and were by him retained, and thereafter the building, or some part thereof, had been occupied by the defendant; that the defendant failed to pay the rent for the month of October, for which an action at law was commenced, which resulted in favor of the plaintiff; that thereafter the defendant refused to pay the rent for the month of November, 1894, for which the plaintiff had recovered judgment; that "the rent due under said lease for the month of December, 1894, was duly demanded by plaintiff from the defendant, but payment thereof was refused, and the defendant has refused, and continues to refuse, to comply with the said lease, and to perform his part of the same, and to pay rent"; that, under the provisions of the said lease, "the rent for that portion of the term subsequent to November, 1894, to wit, from December 1, 1894, to April 30, 1904, amounts to at least the sum of $60,266.66"; that by the failure and neglect of the defendant to perform his part of said lease, and to perform the covenants thereof on his part to be performed, and to pay the rents, water rates, and repairs as agreed, "the plaintiff has been compelled to expend and has expended large sums of money in the care and repair of said building, and has been obliged to pay increased insurance on the same, and the plaintiff has been and is unable, after diligent effort, to relet the said premises at a rent equal to that which the defendant

covenanted and agreed to pay; and in consequence of the character of the alterations and improvements made especially for the said defendant, and for his particular business, the plaintiff has been unable to relet the said premises without other and further extensive alterations and repairs, which said plaintiff has made at an expense of about $4,000 in good faith, and for the purpose of reducing her damages caused by the neglect and failure of the defendant to perform his part of said lease, by reletting the same at the best prices she could obtain therefor; that by reason of the matters and things aforesaid, and by reason of the defendant's refusal, neglect, and failure to perform his part of said lease, and by reason of defendant's breaches of the covenants of the said lease, plaintiff has been damaged to the amount of $35,000.00"; and demands judgment for that amount.

The defendant answered, but, so far as I can understand the answer, which is somewhat involved, he does not deny the breach alleged. The action was commenced on September 12, 1898. The lease was introduced in evidence by the plaintiff, and was substantially as alleged. It contained two clauses under which the trial court seems to have disposed of the action. By one it is provided that, if the said premises should become vacant during the said term, the party of the first part (plaintiff), or her representatives, might re-enter, either by force or otherwise, without being liable for any prosecution therefor, and relet the said premises as the agent of the party of the second part, and receive the rent thereof, applying the same first to the payment of such expenses as they might be put to in re-entering, and then to the payment of the rent due by these presents, and the balance (if any) to be paid over to the party of the second part, who shall remain liable for any deficiency. The other clause provides that if any default be made in the payment of the said rent, "or any part thereof, at the time above specified, or if any default be made in the performance of any of the covenants or agreements herein contained, the said hiring, and the relation of landlord and tenant, at the option of the party of the first part, shall wholly cease and determine, and the party of the first part shall and may re-enter the said premises, and remove all persons therefrom, and the said party of the second part hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in the third section of an act entitled 'An Act to abolish distress for rent and for other purposes,' passed May 13, 1846 (Laws 1846, c. 274), and in such case the party of the second part shall and will pay or cause to be paid to the party of the first part, as damages for the breach of the covenant for rent herein, the difference between the amount of rent hereby reserved and the amount of rents which shall be collected and received, or might with due diligence be collected and received, from the said demised premises during the residue of the said term remaining unexpired at or immediately before the time of such re-entry, in equal monthly payments, as the amount of such difference shall from time to time be ascertained." The plaintiff served two bills of particulars as required by two several orders of the special term, the first of which was described as a bill of particulars of the claim allowed in the complaint. It set forth in full the rent speci-

fied and reserved in the lease for nine years and seven months, at the rate of $6,400 a year, amounting to $60,266.66, with two small items for increased insurance and the payment of watchmen, and then contains the following clause:

"The amount of the claim alleged in the complaint is arrived at by allowing credit upon said amount for $25,491.80, the estimated amount of rents that can with due diligence be obtained from said property by the plaintiff after paying from the gross rents collectible the necessary expense of restoring the property for ordinary business uses, and necessary repairs and alterations for separate tenancies and expenses of reletting, chargeable against the tenant in addition to the said rent of six thousand four hundred ($6,400) dollars per year."

The second bill of particulars contains the items of expense of repairs and interest; and also contains a statement showing the loss to the plaintiff because of the failure of the defendant to comply with the covenants contained in the lease by charging the defendant with the amount of rent reserved, and with the expense of putting the premises in a condition to rent, or crediting the defendant with the rents actually received. Upon the trial the plaintiff introduced in evidence the judgment rolls in the actions against the defendant for the October and November rent, and called a witness to prove the damages alleged. This witness testified that he was the agent of the plaintiff; that when the breach of this lease was called to his attention he placed the property in the hands of a real-estate agent, with authority to rent it; and he was then asked to state the condition of the premises at the time when he directed them to be relet. That was objected to by the defendant as incompetent, irrelevant, and immaterial; that no damages of any kind could be recovered in this action, save those provided for by the covenant of the lease itself, to which attention has been called,—counsel stating that if he was wrong in that contention he would have to sit still and let the plaintiff go on and prove damages, but that if he was right they could not recover any damages. After considerable discussion between counsel and the court, the court appears to have sustained this objection, and held that the plaintiff's sole right to recover was under the clause to which attention has been called, and excluded the defendant's evidence as to the damages sustained. The plaintiff made subsequent offers to prove facts tending to show the damages caused by the breach of the lease by defendant, objections to which were sustained, and to which the plaintiff excepted, and at the end of the case the court dismissed the complaint.

It seems by the record that the ruling of the court involved the proposition that under this complaint the plaintiff could not recover for any damage sustained by the plaintiff in consequence of a breach of the lease, and that the only cause of action she had was under the two clauses of the lease to which attention has been called,—that is, to obtain as much rent from the premises as possible, and at the expiration of each month to sue the defendant for the amount reserved, less the amount realized from the premises during that month, and that this complaint, as limited by the bill of particulars served, did not allege facts to justify such a recovery for the period from the 1st of December, 1894, to the time of the commencement of the action.

It is the correctness of this ruling which is raised by the exceptions. It is undoubtedly true that the two actions to recover for the rent accruing for the months of October and November, 1894, recognized the continuance of the lease, and were for rent under the lease. By the commencement of this action, however, the plaintiff alleged a total breach of the lease by the defendant, and sought to recover in this action the damages sustained by reason of the breach. The action was not brought to enforce the covenant to pay rent. There can be no doubt but that the plaintiff would have had the right under the covenants contained in this lease to re-enter to lease the property, and to recover under the lease the difference between the rent reserved and the amount that she was able to realize from the property. She did not adopt that course, but elected to treat the act of the defendant as a total breach of the lease, and to recover in one action the damages sustained by such breach, and the question is whether or not such an action can be maintained. The distinction between an action to recover money due under an agreement and an action to recover the damages sustained by a breach of the agreement is well recognized. The legal effect of a breach of a contract of hiring for a definite period, and the right of a party to it after such breach, was exhaustively examined by the court in Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. In that case it was held that:

"A servant wrongfully discharged has but two remedies growing out of the wrongful act: (1) He may treat the contract of hiring as continuing, though broken by the master, and may recover damages for the breach. (2) He may rescind the contract, in which case he could sue on a quantum meruit for services actually rendered. These remedies are independent of, and additional to, his right to sue for wages for sums actually earned and due by the terms of the contract."

The learned judge also examined the rule to be applied in case of the defendants' repudiation of the contract at the time of entering into the service, and he held, following the case of Hochster v. De La Tour, 2 El. & Bl. 678, and Frost v. Knight, L. R. 7 Exch. 111, reversing same case in L. R. 5 Exch. 322, that the opposite party has an option either to treat the contract as subsisting, and when the day arrives for commencing to serve to offer to perform, or to regard it as immediately broken, and to sue before the day arrives. This distinction between an action to recover damages for the breach of a contract which is in its character executory, containing mutual covenants by the contracting parties, and an action to enforce the covenants and agreement of such a contract, is recognized in all the cases, and is based upon the right of a party to such an agreement to elect whether he will consider the contract as broken and destroyed, and demand in one action the damages sustained, or, notwithstanding the refusal of one party to carry out the contract, by bringing an action to enforce its covenants. I can see no reason why this principle should not apply to a lease as well as to any other contract which is in its nature executory, or which contains obligations to be performed in the future. Undoubtedly in this case the plaintiff could, under the covenants in the lease, have re-entered, and recovered from the defendant the difference between the rent reserved and the amount realized from the property. But upon what principle was the plaintiff

confined to such a course? What was it to prevent her from treating this refusal of the defendant to enter into possession of the premises and comply with the conditions of the lease as a total breach, and sue him for the damages thereby sustained. We are not concerned now with the measure of damages, as the plaintiff's evidence, offered to prove damages, was excluded, and the court, in substance, held that the plaintiff's only cause of action was under the lease and upon the covenants therein contained, and, as the complaint was not drawn to recover for the amount due plaintiff under these covenants, the complaint set up no cause of action.

If there was a breach of the lease by the defendant, a breach which went to a repudiation by him of all obligations or liability under it, throwing back upon the plaintiff the burden of caring for and protecting her property, I can see no reason, under the rules applicable to actions to recover for a breach of a contract, why the plaintiff could not elect to treat the acts of the defendant as a breach of the lease, and sue at once to recover for the damages that she has sustained by reason of such breach. The cases of In re Hevenor, 144 N. Y. 271, 39 N. E. 393, and People v. Bank, 151 N. Y. 592, 45 N. E. 1129, have no bearing upon this question. In neither of those cases was it alleged that there had been by the defendant a breach of the entire contract. They both arose under claims presented, in one case by the assignee for the benefit of creditors, and in the other to the receiver of an insolvent corporation for claims against the estate for rent due under a lease to accrue subsequent to the assignment or the appointment of the receiver. There was no act of the tenant which entitled the lessor to treat the lease as broken, nor did the lessor in either case elect to treat the lease as broken, but sought to enforce a claim under the lease for rent to accrue subsequent to the presentation of the claim. In the case of Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415, which was to recover for the breach of a contract relating to real estate, the court say:

"Now, if the contract which we have before us was an agreement for a lease, the rule of damages usually applied to such agreements is the difference between the rent the tenant agrees to pay and the annual value of the term, and special damages may be awarded also for expenses necessarily incurred, which, by reason of the disappointment, are lost."

The case of Driggs v. Dwight, 17 Wend. 71, 31 Am. Dec. 283, was an action to recover damages by the lessors for the breach of a lease, and it was there held that the measure of damages was not confined to the difference of rent; that the jury might look to the actual value of the bargain which the plaintiff had made. In Hall v. Gould, 13 N. Y. 127, it was held that, notwithstanding that the lessor re-entered, he was entitled to recover by way of damages the amount that defendant had agreed to pay as rent and taxes during the term, less such amount as the plaintiff had been able to realize; that the defendant's liability rested only in covenants looking to the very event; but it was not held that plaintiff could not have sued for and recovered damages for a total breach.

Nor did the bill of particulars preclude the plaintiff from proving damage. By that bill of particulars the plaintiff claims, as an item

of damage, the rent that she would have received had the lease been complied with for a period from the commencement of the lease at the rate reserved. She would be, at least, entitled to recover as damages for this breach of rent that she would have been entitled to receive from the 1st of December down to the time that she reentered and took possession of the premises.

As was said by the court of appeals in Wakeman v. Manufacturing Co., 101 N. Y. 209, 4 N. E. 264:

"One who violates his contract with another is liable for all the direct and proximate damages which result from the violation. The damages must be not merely speculative, possible, and imaginary, but they must be reasonably certain, and such only as actually follow, or may follow, from the breach of the contract. * * * They are nearly always involved in some uncertainty and contingency. Usually they are to be worked out in the future, and they can be determined only approximately upon reasonable conjectures and probable estimates. They may. be so uncertain, contingent, and imaginary as to be incapable of adequate proof, and then they cannot be recovered, because they cannot be proved. But when it is certain that damages have been caused by breach of contract, and the only' uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A person violating his contract should not be permitted entirely to escape liability because the amount of the damages which he has caused is uncertain."

We think the plaintiff had a right to maintain this action for a total breach of the lease, and the court improperly excluded the testimony offered by the plaintiff to prove the damage caused thereby.

It follows that the exceptions must be sustained, and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concur.

O'BRIEN, J. (dissenting). I have no quarrel with the general rules of law which Mr. Justice INGRAHAM has extracted from well-settled authorities, my view being that, though good abstract propositions, they have nothing to do with this case. The complaint, as amplified or limited by the bill of particulars, was framed so as to recover the difference between the rent which, with reasonable effort, could be obtained, and the rent reserved in the lease, together with certain damages caused by restoring the property to a condition so that it might be rented. The answer was, in effect, a denial that any sum was due on such theory. Thus, the action was not for general damages for breach of the lease, but was expressly brought to recover the amount to which, under the terms of the lease, the plaintiff concluded she was entitled. The error into which she fell was in assuming that they could now be recovered. Instead of seeking to recover them in the manner provided in the lease, from time to time, she wished to have them all ascertained now in one action. This, under the express terms of the lease, she could not do. The covenant in the lease provided:

"If any default be made in the payment of the said rent, * * * the said hiring and the relation of landlord and tenant * * * shall wholly cease and determine, and [the landlord] may re-enter the said premises; * * * * and in such case [the tenant] * * * will pay, or cause to be paid, * * * damages for the breach of the covenant for rent herein,

the difference between the amount of rent hereby reserved and the amount of rents which shall be collected, or might with due diligence be collected, * * * from said demised premises, during the residue of said term remaining unexpired at or immediately before the time of such re-entry, in equal monthly payments, as the amount of such difference shall from time to time be ascertained."

There is no ambiguity in the language thus employed, and we therefore find with respect to what has happened, viz. the refusal of the tenant to occupy the premises and pay rent, that the parties stipulated as to the remedy of the landlord, the measure of damages, and how and when it should be ascertained. I assume that it is competent for parties to make their own contracts, and that when they provide specifically for the remedy, and the measure of damages in the event of a breach, those remedies are exclusive. When to those considerations is added the fact that the plaintiff, recognizing the measure of damages to which she is entitled under the lease, brings her action on that theory, I fail to see why, logically and legally, she should not be held to the other terms of the agreement, and therefore be confined to the method and time of collecting damages. In other words, my view is that, whatever may be the general remedies for breach of a contract, they have no part or place under a contract such as this, wherein the parties themselves have expressly provided for an exclusive remedy and a definite measure of damages, and even as to the times of collection. I think, therefore, the learned trial judge was right in his construction of the complaint and the bill of particulars; he, in effect, holding that, while the plaintiff might at the end of the lease have brought an action for the entire difference in amount between what was received as rent and what was stipulated, this action was premature. The construction given to the complaint by Mr. Justice INGRAHAM would result in great hardship to the plaintiff, for under his construction the action is for a breach of a lease in which all damages must be recoverable once for all, and the plaintiff, at most, could recover only such damages as had accrued before the commencement of the action, which are greatly limited in amount. It is but fair to assume that this is a result for which the appellant would not strenuously contend. I therefore dissent, and am for affirmance.

LAUGHLIN, J. (concurring). I am for reversal and a new trial. I think the action is not for breach of contract, but on the covenants contained in the lease, and therefore the damages are regulated by its provisions. The plaintiff should have been permitted to recover for loss of rentals to the time of the trial of the action; that is, the difference between the rent reserved and the net rent received after deducting expenses necessary to reduce damages and put premises in a rentable condition. This would be consistent both with the complaint and with the bill of particulars.