### WERNER v. WERNER. (No. 7578.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. ACTION ⬤⟲53—PAYMENT IN INSTALLMENTS—ACTION FOR BREACH—SUCCESSIVE ACTIONS.

Under a contract to pay installments of money the party entitled is not limited to one action, but may sue for each installment as due, so that a pending action on a previously due installment was no defense to an action on a subsequently due installment, although an action must include all installments due at its commencement, and, if it does not do

---

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

so, the party entitled is estopped from maintaining an action for any of the accrued installments not included in the former action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–551, 553–623; Dec. Dig. ☜53.]

2. CONTRACTS ☜48—CONSIDERATION—CONTRACT UNDER SEAL.
A seal upon a contract, whereby a wife agreed to pay quarterly installments of money to her husband if he would refrain from attempting to obtain a place on the police force, imported a consideration.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 406; Dec. Dig. ☜48.]

3. CONTRACTS ☜52—CONSIDERATION—DETRIMENT TO PROMISEE.
Under a contract between a husband and wife, whereby the wife agreed to pay quarterly installments of money to her husband if he refrained from attempting to obtain a place on the police force, the husband's promise constituted a legal consideration, whether there was any actual detriment to him or actual benefit to the promisor or not.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 223, 224; Dec. Dig. ☜52.]

4. CONTRACTS ☜50—CONSIDERATION—IN GENERAL.
The general rule is that there is a sufficient consideration for a promise, if there be any benefit to the promisor, or any loss or detriment to the promisee.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 222; Dec. Dig. ☜50.]

5. HUSBAND AND WIFE ☜36—CONTRACTS—SUPPORT—LEGALITY.
Under Domestic Relations Law (Consol. Laws, c. 14) § 51, giving a married woman the right to contract as to her property with her husband and making her liable thereon as if she were unmarried, but declaring that a husband and wife cannot contract to relieve the husband from his liability to support the wife, a contract whereby a wife agreed to pay quarterly installments of money to her husband if he refrained from attempting to obtain a place on the police force, and providing that nothing therein should obligate him to pay the debts or other obligations of the wife, which would be paid by her, the intent being that he should receive the net annual income of $10,000, was not invalid, since, if he was otherwise obligated to pay her debts, the contract left such obligation unaffected.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 218; Dec. Dig. ☜36.]

6. HUSBAND AND WIFE ☜19—HUSBAND'S. LIABILITY—NECESSITIES.
A husband is not obliged to pay his wife's debts, but his obligation is to supply her with necessaries, which are his own debts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. ☜19.]

Appeal from Trial Term, New York County.

Action by Arthur M. Werner against Giulia M. Werner. From a judgment entered upon a decision dismissing the complaint, plaintiff appeals. Reversed, and demurrer to fourth defense sustained, with leave to defendant to serve amended answer.

See, also, 153 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry S. Dottenheim, of New York City, for appellant.

Spooner & Cotton, of New York City (J. C. Spooner, of New York City, of counsel, and George H. Savage, of New York City, on the brief), for respondent.

CLARKE, J. The action is to recover two installments of $2,500 each, alleged to be due under a written agreement entered into between the plaintiff and the defendant on the 15th day of July, 1912. The complaint alleges that, prior to his marriage to the defendant, plaintiff had been a police officer of the city of New York for upwards of 12 years; that on the 15th day of July, 1912, plaintiff and defendant entered into the written agreement referred to; that the plaintiff has not reentered the police department, and has made no attempt to do so, and has no intention of doing so; that plaintiff has performed all conditions precedent on his part to be performed; that the defendant paid to the plaintiff the installments due under said agreement from the date of its execution until and inclusive of the quarterly payment due January 15, 1914; that on the 15th of April, 1914, plaintiff demanded $2,500 due on that date, which defendant refused and continues to refuse to pay, and defendant stated to plaintiff that defendant refused to be bound by said agreement and would not pay any further installments thereunder; that no part of the installments due on July 15 and October 15, 1914, have been paid; that plaintiff has commenced a previous action in the Supreme Court for the installment due under said agreement on April 15, 1914, which action still remains undetermined. This action is for the installments due on July 15 and October 15, 1914. The agreement, attached to the complaint, under seal and acknowledged before a notary public, provides:

"Whereas, the party of the second part is desirous of re-entering the police department of the city of New York, of which department he was a member for many years and resigned while on sick leave; and, whereas, the party of the first part has requested and urged her said husband not to make application to re-enter the said police department of the city of New York, but to devote his time and attention to affairs and business interests outside the said police department: Now, in consideration of the premises, and of the mutual covenants herein contained and one dollar and other good and valuable considerations each to the other in hand paid, the receipt of which is hereby acknowledged, the parties mutually covenant and agree with each other as follows:

"First. The said Giulia Morosini Werner, the party of the first part, covenants and agrees with the said Arthur M. Werner, the party of the second part, that she will pay or cause to be paid him during his natural life the sum of ten thousand dollars each year, in equal quarterly payments of $2,-500, on the fifteenth days of July, October, January, and April, and that the sum so agreed to be paid shall be a charge and a lien upon the individual property of the party of the first part, and that in case she predeceases her said husband she will duly execute her last will and testament, wherein she will devise and bequeath to her said husband property sufficient in amount to pay the said net sum aforesaid.

"Second. The parties mutually further covenant and agree that nothing herein contained shall obligate or bind said Arthur M. Werner, party of the second part, to pay any debts or other obligations of said Giulia Morosini Werner, party of the first part, which the parties mutually covenant and agree shall be paid by said Giulia Morosini Werner, or out of her said property, the intent of this agreement being that the said Arthur M. Werner, in considera-

tion of giving up a career in the police department of the city of New York, which is distasteful to his said wife, and which he has agreed at her earnest solicitation to make no efforts to re-enter said department shall, during his natural life, receive the said net annual income of $10,000 payable as aforesaid."

The defendant interposed an answer, in which for a fourth and separate defense she alleged: That on or about the 16th day of April, 1914, plaintiff brought an action, which is still pending, the complaint therein being attached to her answer, which was on the same contract for the installment due on the 15th of April, 1914. She further alleged that at the time said action was brought, and prior thereto, defendant refused to recognize said paper as a contract, and refused to be bound thereby, and refused to perform any of the alleged terms or provisions thereof, and declared to plaintiff that she would not pay or cause to be paid any installment, or any money whatsoever, thereunder, whereupon plaintiff brought said action, and therein claimed to recover damages for the same alleged breach of the paper alleged in the complaint herein.

Plaintiff demurred to the fourth affirmative defense contained in the answer herein, as modified by stipulation made a part of the record, upon the ground that the same is insufficient in law on the face thereof and that the facts stated therein do not constitute a defense herein. The court found in its decision that the complaint does not state facts sufficient to constitute a cause of action; that said fourth and separate defense contained in the answer herein states facts sufficient to constitute a defense; that the complaint herein must be dismissed on the merits, with costs to defendant—and directed that the defendant have final judgment in her favor, dismissing the complaint on the merits.

The ground for holding the complaint bad was because the contract relied upon was contrary to public policy, and violated section 51 of the Domestic Relations Law (chapter 14, Consol. Laws; chapter 19, Laws 1909), which provides:

"A married woman has all the rights in respect to property, real or personal, and the acquisition, use, enjoyment and disposition thereof, and to make contracts in respect thereto with any person, including her husband, and to carry on any business, trade or occupation, and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, and be liable on such contracts, as if she were unmarried; but *a husband and wife cannot contract* to alter or dissolve the marriage or *to relieve the husband from his liability to support his wife.*" (Italics mine.)

[1] The ground urged for holding the fourth defense good is that, the defendant having repudiated the contract, the plaintiff had only one action which he could bring, namely, for damages for the entire breach; that he had no right to bring successive actions for the various installments that came due, and, having elected to bring an action prior to that at bar for the first installment, thereby limited his recovery, if entitled to any, to the damages therein set forth, namely, the first installment. Taking up the latter question first, I am satisfied from the examination of the cases that the defendant's claim is not well founded. While it is true that in a certain class of cases, namely, for services, to deliver goods in installments, and upon a contract to

marry, plaintiff has the option to elect, upon an anticipatory breach, to sue for the entire damages, and is not required to wait until the period for performance has arrived, yet he ·cannot be forced to do so, even in such cases, but may wait until the stipulated period has arrived and then sue. This doctrine of anticipatory breach has not been extended to contracts for the payment of money. Upon such contracts the rule is he may sue upon installments, but his action must include all installments due at the time of the commencement of the action, and, if he does not include all so due, he is estopped from maintaining a subsequent action for any of said accrued installments not included in said action. In Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470, the court said:

"It is doubtless true, as a general proposition, that each default in the payment of money falling due upon a contract, payable in installments, may be the subject of an independent action, provided it is brought before the next installment becomes due; but each action should include every installment due when it is commenced, unless a suit is, at the time, pending for the recovery thereof, or other special circumstances exist [citing cases]." Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579; Kennedy v. City of New York, 127 App. Div. 89, 111 N. Y. Supp. 61.

In McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208, plaintiff sued the defendant for damages for breach of a lease after re-entry by the plaintiff. Defendant had repudiated the lease, and the plaintiff had re-entered. The Appellate Division had held that an action would lie for the breach of the lease in its entirety and the recovery of all damages in a single action brought before the expiration of the term. The Court of Appeals, in reversing, however, said:

"We do not sustain the theory upon which the majority of the learned judges of the Appellate Division proceeded to judgment, to wit, that an action will lie for the breach of the lease as an entirety and the recovery of all the damages in a single action brought before the expiration of the term. The breach of an agreement to pay money in installments is not a breach of the entire contract and will not permit a recovery of all the damages in advance. Wharton & Co. v. Winch, 140 N. Y. 287 [35 N. E. 589]; Moore v. Taylor, 42 Hun, 45. * * * There seems to be a distinction, whether well grounded in principle or not, between a contract for the payment of money in future installments and a contract for the delivery of goods in future installments. (Nichols v. Scranton Steel Company, 137 N. Y. 471 [33 N. E. 561]), as well as a contract for future employment and service (Howard v. Daly, 61 N. Y. 362). We think that the contract before us should be governed in this respect by the principle laid down in Wharton & Co. v. Winch, supra."

It has been expressly held that a breach of a contract to pay money in future installments gives no right to bring suit until the future day is reached, or, in other words, that the doctrine of anticipatory breach does not apply to a contract to pay money at a future date.

In Kelly v. Security Mutual Life Insurance Co., 186 N. Y. 16, 78 N. E. 584, 9 Ann. Cas. 661, the question was whether there could be an anticipatory breach, giving the injured party the right to sue at once for damages for breach of a contract to pay the amount of the policy on the death of the assured. The court said:

"An attempt to repudiate such a contract does not make it due. If the maker of a promissory note, given for borrowed money and due one year after date, notifies the holder the next day that he repudiates it and will not

pay it, can the holder sue at once? Can a mortgagor make his mortgage due before the law day by repudiating it in advance? The rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages is usually applied only to contracts of a special character, even in the jurisdictions where it obtains at all. It is not generally applied to contracts for the payment of money at a future time, and in some states the principle is not recognized in any way whatever [citing cases]. * * * In this state it seems to be limited to contracts to marry (Burtis v. Thompson, 42 N. Y. 246, 1 Am. Rep. 516), for personal services (Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285), and for the manufacture or sale of goods (Windmuller v. Pope, 107 N. Y. 674, 14 N. E. 436; Nichols v. Scranton Steel Co., 137 N. Y. 471 [33 N. E. 561])."

It is true that the question was raised in two recent cases in the Court of Appeals (Adenaw v. Piffard, 202 N. Y. 122, 95 N. E. 555; and Ga Nun v. Palmer, 202 N. Y. 483, 96 N. E. 99, 36 L. R. A. [N. S.] 922), and the court expressly declined to pass upon it, because it did not think it necessary, preferring to place the decision upon other grounds. There were peculiar facts in each of those cases, and, notwithstanding the refusal of the court to directly decide this point, I am satisfied that the doctrine of anticipatory breach does not apply to a definite contract to pay sums of money payable at a future date. In any event plaintiff could not be compelled to act upon such anticipatory breach, even if he had the option. The answer was therefore bad, and the demurrer thereto should have been sustained.

[2, 3] Second. I think the complaint is good enough to withstand demurrer. In the first place, the seal upon the contract imports consideration. In the second place, consideration was expressed. The first part of the contract is evidently good. The power of husband and wife to contract with each other is the same as the power of any other two parties to contract. There is no reason which occurs to me why a wife, to induce her husband to refrain from a course of conduct, or taking a position, or following a calling, of which she does not approve, may not contract to pay him a sum of money. His promise to yield to her wishes and give up his own, followed by performance of his promise, seems to me to fill all the requirements of a legal consideration.

[4] The general rule is that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. There is consideration if the promisee does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not. In Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256, 12 L. R. A. 463, 21 Am. St. Rep. 693, an uncle promised his nephew that, if he would refrain from drinking, using tobacco, swearing, and playing cards or billiards for money until he became 21 years of age, he would pay him $5,000. The nephew assented thereto and fully performed the conditions inducing the promise. The court, citing a number of cases, held that the contract was supported by a sufficient consideration. It quoted Anson's Prin. of Con. 63:

Courts "will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party, or is of any substantial value to

any one. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him."

[5, 6] The vice claimed is in the second part of the contract. It seems to me that a strained construction has been invoked to make the contract invalid upon the ground that it relieves the husband from the duty put upon him by the law to support his wife. I do not think the courts are called upon to make use of a forced or strained construction to declare a written contract invalid. The duty is to construe it as valid, if possible. Proceeding technically, as the defendant does, there is no agreement here to relieve the husband of his legal duty. The contract provides that nothing therein contained shall obligate him to pay her debts. That does not relieve him of anything. The *contract* is not to obligate him. If he is obligated otherwise, the contract leaves that obligation unaffected. There is no obligation upon a husband to pay his wife's debts. His obligation is to supply her with necessaries, but those are his debts, and not hers.

In Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, the court quoted from Schouler on Husband and Wife, § 107:

"Not only is the husband permitted to show that articles in controversy are not such as can be considered necessaries, but he may show that he supplied his wife himself, or by other agents, or that he gave her ready money to make the purchase. * * * In general, while the spouses live together, a husband, who supplies his wife with necessaries suitable to her position and his own, is not liable to others for debts contracted by her on such an account without his previous authority or subsequent sanction."

And it proceeded:

"The discussion of the English cases, to which attention has been called, covers the points involved in this case. They, in effect, hold * * * that the husband, in defense, may show that the wife was amply supplied with articles of the same character as those purchased, or that she had been furnished with ready money with which to pay cash therefor; that the question of her agency is one of fact, and is not a conclusion of law to be drawn alone from the marital relation."

The respondent spells out from the last part of the contract, that he "shall receive the said net annual income of $10,000," the provision that he shall not perform his lawful obligation. But, technically again, the provision is only that he shall receive the net amount. What he does after he has received it is not provided against. In other words, what he is called upon by the law to do is to provide her necessaries, which are his debts, and that he has not contracted against. The cases which are cited and relied upon are separation cases, where a man has tried to relieve himself of the responsibility put upon him by the law. This is not such a case.

The judgment dismissing the complaint should be reversed, and the demurrer to the fourth defense in the answer sustained, with costs, with leave to the defendant to serve an amended answer, on payment of costs in this court and in the court below. All concur.