FLORENCE FYLES BAUCHLE, Respondent, *v.* GEORGE YOUNG BAUCHLE, Appellant.

First Department, December 20, 1918.

Appeal — review of question not raised in court below — husband and wife — action for breach of separation agreement — when contract not an entirety — anticipatory breach — right to recover only for installments due.

Where in an action by a wife against her husband for the breach of a separation agreement, under which he was to pay her a certain sum per month during her life or until her remarriage, the jury awarded damages based solely on the probable duration of plaintiff's life, and no objection

was made upon the ground that she was entitled to recover only if she remained unmarried, said objection cannot be raised for the first time on appeal.

Where a husband has agreed to pay a definite minimum amount monthly for the support of his wife during her life or until her remarriage, and there has been no absolute repudiation of the contract but a part performance followed by a failure to pay further installments due thereunder, the doctrine of anticipatory breach does not apply and the wife is entitled only to recover each monthly installment as it becomes due. She cannot treat the contract as an entirety and bring one suit for all her damages.

A complaint on the latter theory should not be dismissed, however, but the court should keep jurisdiction in order that the plaintiff may have whatever judgment she is properly entitled to recover.

APPEAL by the defendant, George Young Bauchle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 1st day of April, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*Phelan Beale* of counsel [*John Vernou Bouvier, Jr.,* with him on the brief; *Bouvier, Beale & Geer,* attorneys], for the appellant.

*Sumner B. Stiles* of counsel [*William F. S. Hart* with him on the brief], for the respondent.

DOWLING, J.:

This action was brought to recover damages amounting to the sum of $67,000 for the breach by defendant of a contract entered into by him with plaintiff, his wife. The complaint shows that the parties were married in the city of New York on May 23, 1907; that there has been no issue of the marriage; and that in January, 1912, the parties separated for sufficient cause, and have never since lived together. The contract between the parties is set forth as follows:

" *Fifth.* That while plaintiff and defendant were living separate and apart, as aforesaid, and in or about the month of February, 1913, in the said City of New York, plaintiff and the defendant entered into an agreement, subsequently ratified and confirmed, whereby, in substance and effect,

among other things, in consideration that the plaintiff would not ask for any alimony in her contemplated action for a divorce, and if successful in her action would not ask that a provision for alimony be made a part of the decree, the defendant promised and agreed that in addition to paying her reasonable counsel fees, he would support the plaintiff as long as she lived or until she remarried, and promised to pay her Four hundred ($400) dollars a month as long as he was able to and not less than a minimum amount of One hundred and fifty ($150) dollars per month as long as she lived or until she remarried."

It is further alleged that on December 20, 1913, plaintiff duly obtained a decree of absolute divorce from defendant, after he had appeared and answered, in the District Court of the Second Judicial District of the State of Nevada, in and for the county of Washoe, upon the ground of cruel and inhuman treatment; that plaintiff relying on defendant's financial ability and good faith and relying on his promise above set forth, did not ask for alimony in her divorce action, nor seek to have same provided for in the decree; that plaintiff has duly performed all the terms and conditions of the said agreement on her part to be performed; that defendant paid plaintiff's reasonable counsel fees in her divorce action, and at first contributed the sum of $400 monthly towards her support, but gradually lessened the amount, in performance of the agreement, but since December 1, 1915, defendant has entirely neglected, failed and refused to contribute anything to her support, although as defendant knows she has no means of her own for her support and maintenance; that defendant is in receipt of an income of not less than $35,000 per year; and that plaintiff was born in the city of New York on August 24, 1879, and has been and is, in good health, and by reason of the premises and of her expectancy of life duration and by reason of the failure and refusal of defendant to keep and perform his contract, she has sustained great damages in the sum of $67,000. The answer of the defendant, among other things, denies the making of the agreement sued on, alleges that there was no consideration therefor and sets up the Statute of Frauds as a separate defense.

Plaintiff testified to an agreement with defendant by which

he was to contribute $400 a month to her support until she remarried, and defendant paid that amount at first but reduc'd it successively to $300, $250 and $200. Finally he made the payment a minimum one of $150 per month and this amount she says she agreed to accept when she had reached Reno in connection with her divorce. There is in evidence a letter from defendant showing his agreement to pay her that sum. The failure to continue payments after December 1, 1915, is not disputed. This action was commenced December 30, 1916, more than a year after payments ceased. An actuary testified that the present value of an annuity of $150 a month at plaintiff's age and expectancy of life was $45,288, and that such an annuity could be purchased from the Metropolitan Life Insurance Company for the sum of $32,912. The jury brought in a verdict in favor of plaintiff for the latter amount.

It is now argued that the recovery is unjustified, inasmuch as it was based solely on the plaintiff's age, health and expectancy of life, and no account was taken of the fact that under the agreement sued upon the payments by defendant were to cease upon plaintiff's remarriage. In other words, the jury awarded damages based solely on the probable duration of plaintiff's life, whereas the period for which she was entitled to recover was solely that of her remaining unmarried. Whatever force there may be in this contention, it is too late to raise it for the first time upon appeal. It was never presented to the trial court by proper objection and exception; it was never called to the attention of that court by any exception to the charge or any request to charge, when the jury were instructed as to the elements entering into the computation of damages, omitting any reference to the factor of remarriage. The objection is not now available to defendant.

Defendant did raise upon the trial, however, in every possible way the question of plaintiff's right to recover herein upon the theory of an entire contract, for the breach of which she could recover all her damages in one action, instead of being compelled to sue for installments as the same became due. At the time of the commencement of this action some

thirteen monthly installments of $150 remained unpaid. Was plaintiff limited to her right to recover upon these successive installments as they became due, or could she treat the contract as an entirety and bring one suit for all her damages, as she did in this case?

The authorities are not in accord upon the proposition.

Thus in *Schell* v. *Plumb* (55 N. Y. 592), relied upon by the trial court as the controlling decision upon its denial of the motion to dismiss the complaint at the close of plaintiff's case, it was held that an agreement by one party to support another during life is an entire continuing contract, and upon a total breach thereof the latter may recover full and final damages, *i. e.*, not only the expenses of support up to the time of trial, but also the prospective expense during life. In its opinion the court said that even at that time the authorities were somewhat conflicting, but cited *Fish* v. *Folley* (6 Hill, 54); *Shaffer* v. *Lee* (8 Barb. 412), and *Dresser* v. *Dresser* (35 id. 573) as supporting its conclusion that where a contract was entire and continuing, a total breach put an end to it and gave the right to recover an equivalent in damages, which was the present value of the contract. *Schell* v. *Plumb* (*supra*) was cited with approval in *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205) and *Pakas* v. *Hollingshead* (184 id. 211). In the latter case the court said: "We think that the cases, so far as we have been able to examine them, are all the other way, and are to the effect that inasmuch as there was a total breach of the contract by the defendants' refusal to deliver, the plaintiff cannot split up his demand and maintain successive actions, but must either recover all his damages in the first suit or wait until the contract matured or the time for the delivery of all the goods had arrived. In other words, there can be but one action for damages for a total breach of an entire contract to deliver goods, and the fact that they were to be delivered in instalments from time to time does not change the general rule."

In *Pierce* v. *Tennessee Coal, Iron & Railroad Co.* (173 U. S. 1) it was said that "The recent tendency of judicial decisions in this country in actions of contract as well as in actions of tort, has been towards allowing entire damages to be recovered,

once for all, in a single action, and thus avoiding the embarrassment and annoyance of repeated litigation. This especially appears by well considered opinions in cases of agreements to furnish support or to pay wages, a few only of which need be referred to.

" In *Parker* v. *Russell*, 133 Mass. 74, the declaration alleged that in consideration of a conveyance by the plaintiff to the defendant of certain real estate, the defendant agreed to support him during his natural life. * * * Mr. Justice FIELD in delivering judgment said: ' In an action for the breach of a contract to support the plaintiff during his life, if the contract is regarded as still subsisting, the damages are assessed up to the date of the writ, and not up to the time when the verdict is rendered. * * * But if the breach has been such that the plaintiff has the right to treat the contract as absolutely and finally broken by the defendant, and he elects so to treat it, the damages are assessed as of a total breach of an entire contract. * * * When the defendant, for example, absolutely refuses to perform such a contract after the time for entering upon the performance has begun, it would be a great hardship to compel the plaintiff to be ready at all times during his life to be supported by the defendant, if the defendant should at any time change his mind; and to hold that he must resort to successive actions from time to time to obtain his damages piecemeal, or else leave them to be recovered as an entirety by his personal representatives after his death.' "

This case was followed in *Roehm* v. *Horst* (178 U. S. 1).

In *Adenaw* v. *Piffard* (202 N. Y. 123), however, the Court of Appeals said: " In *Kelly* v. *Security Mutual Life Ins. Co.* (186 N. Y. 16) Judge VANN said: ' The rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages, is usually applied only to contracts of a special character, even in jurisdictions where it obtains at all ' (p. 19), and he points out that in some States the principle is not recognized in any way whatever, saying that in this State it seems to be limited to contracts to marry, contracts for personal services, and contracts for the manufacture or sale of goods. A majority of the court, however, do not

think it necessary to pass upon this question now, but prefer to place our reversal upon the erroneous ruling on evidence which has been discussed." And in *Ga Nun* v. *Palmer* (202 N. Y. 483) there was an agreement by decedent to pay plaintiff $70 a month for the support of the house, as to which the court said, " that being a definite, fixed amount payable monthly, for which an action could have been maintained * * * at the end of each month," and also an agreement to leave plaintiff $20,000 that she would find in decedent's safe deposit box in New York. As to this, the court said: " It may be that but one cause of action exists in favor of the plaintiff for the breach of the $20,000 clause of the contract, and that such an action could have been maintained at the time the decedent left the plaintiff's house and went to reside elsewhere." In discussing the right to bring an action in advance of the time when a contract is executed or payment thereunder becomes due under its terms, the court said (p. 493): " The right to bring an action previous to that event is exceptional, and is only permitted in cases of a breach of a contract by one of the parties which permits the aggrieved party, at his option, to maintain an action for such breach and recover the damages he has suffered on account thereof. In reaching this conclusion we have assumed, as above stated, that the breach was of such a character as to permit the bringing of an action for damages. We do not, however, wish to be understood as deciding that question, for the rule that renunciation of a continuous executory contract by one party before the day of performance giving the other the right to sue at once for damages is usually applied only to contracts of a special character; and the question whether it applies to such a contract as we have under review we leave undetermined."

The case now before us is not, however, exactly like any of those heretofore cited. Here we have no absolute repudiation of a contract, but part performance followed by a failure to pay further installments due thereunder. Here we have no mere vague or indefinite promise to contribute an undetermined sum towards the support of another, but an agreement to pay a definite minimum amount monthly. I believe that this case comes within the rule laid down by this court in

*Werner* v. *Werner, No. 3* (169 App. Div. 9), where the present presiding justice of this court said (p. 14): " It has been expressly held that a breach of a contract to pay money in future installments gives no right to bring suit until the future day is reached, or, in other words, that the doctrine of anticipatory breach does not apply to a contract to pay money at a future date." That was an action to recover two installments of $2,500 each due on July 15 and October 15, 1914, under a written agreement between the parties, providing for the payment of the sum of $10,000 to plaintiff each year during the term of his natural life, payable in quarterly installments of $2,500. The fourth separate defense set up that an action had already been brought by plaintiff against defendant for the installment due on April 15, 1914, and that prior to the bringing of such action defendant had notified plaintiff that she would not pay any installment whatever. It was sought to sustain this defense upon the ground that defendant having repudiated the contract plaintiff had only one action which he could bring, namely, for damages for the entire breach; that he had no right to bring successive actions for the various installments as they came due, and that having elected to bring an action prior to the one then at bar, for the first installment, his recovery, if any, was limited to such first installment. The learned court analyzed the various authorities in point and reached the conclusion that the doctrine of anticipatory breach did not apply to a definite contract to pay sums of money at a future date, but that plaintiff could sue for successive installments as they became due. The demurrer to the defense in that action was, therefore, sustained by this court. I am of the opinion that that case is decisive of the present appeal and requires a reversal of the judgment appealed from. This case is a good illustration of the desirability of requiring actions to be brought to recover the amount of each installment as it becomes due, and demonstrates the impropriety of extending the right to recover all damages in one action beyond the limited class of cases in which it has been applied. Here plaintiff was entitled to receive the monthly payments only as long as she remained unmarried. She has recovered a judgment based on the present value of her annuity for the

term of her natural life. She is now unmarried, but there would be nothing to prevent her remarriage the day after the judgment was paid. How could the mathematical chance of her remarriage be made a factor in determining the amount of her damages recoverable in one action? She might testify that she had at the time of the trial neither prospect, desire nor intention to remarry, and yet after she had been compensated for the breach of the agreement upon that basis, what power, judicial or otherwise, could deprive her of the privilege of changing her mind, and sharing with a new spouse the funds which defendant had agreed to supply her with only so long as she remained single? The rule laid down in *Werner* v. *Werner* gives plaintiff the right only to recover on each monthly installment as it becomes due and to so recover she must establish that she still remains unmarried. Thus the intent and purpose of the agreement will be carried out and not thwarted.

I do not believe, however, that the complaint herein should be dismissed. I think we may treat this action, under the pleadings, as one brought to recover whatever amount was due under the agreement at the time the suit was commenced. Plaintiff mistakenly, as we think, asked for too much, for she sought a single recovery as for a breach of an entire continuing contract. What she was entitled to recover were the installments then due. This amount she should have an opportunity of establishing, and if any amendment of the complaint be deemed necessary to that end, she has her means of relief at Special Term. But we think the court should keep jurisdiction of the action, that she may have whatever judgment she is properly entitled to recover.

The judgment and order appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.